PORTER L. NEWTON *vs.* EDWARD F. McSWEENEY.

Middlesex.    November 13, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Motor Vehicle. Negligence,* Violation of statute, Contributory.    *Proximate Cause.*

Under St. 1909, c. 534, §§ 14, 16, as amended by St. 1910, c. 605, §§ 5, 6, which provide in regard to the operation of motor vehicles that "where the operator's view is obstructed either upon approaching an intersecting way or a curve or corner in a way, every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signalling" and that "It shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper as aforesaid . . . if a motor vehicle is operated on any way at a rate of speed exceeding eight miles per hour where the operator's or chauffeur's view of the road traffic is obstructed either upon approaching an intersecting way, or in traversing a crossing or intersection of ways . . . ," it is wrong for a judge, presiding at the trial of an action for personal injuries caused by a collision of motor cars, to instruct a jury that, when a man is operating a motor car on a public highway in broad daylight and is approaching an intersecting street, the view of which is obstructed by a stone wall and a hedge, his failure to comply with the requirements of the statute is not *prima facie* evidence of his negligence unless the facts upon which he would be required to slow down or sound his horn were known to him, it being the duty of one operating a motor vehicle on a highway to look out for such intersecting streets.

In an action for personal injuries sustained when the plaintiff was driving his motor car on a highway of a town by being run into by the motor car of the

defendant which came from an intersecting street, the view of which was obtructed, if the plaintiff's violation of the statutory requirements in failing to reduce the speed of his car to eight miles an hour or to sound his horn in approaching the corner directly contributed to the collision in which he was injured, he cannot recover, although the defendant also was negligent.

In the case described above it was *held* that it was a question for the jury whether the unlawful conduct of the plaintiff in violating the statute was one of the direct causes of the collision.

TORT for personal injuries sustained on November 27, 1913, alleged to have been caused by the negligence of the defendant's agent in operating a motor car owned and controlled by the defendant when the plaintiff was driving his own motor car along Pleasant Street in Framingham and was run into by the defendant's car coming from Cross Street. Writ dated September 26, 1914.

The answer contained a general denial and also alleged that the plaintiff was not in the exercise of due care and that his negligence contributed to the accident.

In the Superior Court the case was tried before *Bell*, J. The evidence in regard to the happening of the accident is described in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. On all the evidence in the case the plaintiff, Porter L. Newton, is not entitled to recover.

"2. On all the evidence in the case it does not appear that the person operating the defendant's car at the time of the collision with the plaintiff's car was the agent of the defendant or acting for him or in his behalf or that he was engaged in the plaintiff's business.

"3. On all the evidence in the case it does not appear that the defendant had possession or control of his car at the time of collision with the plaintiff's automobile, or that it was in the possession or control of an agent of his or a person acting in his behalf or engaged in his business.

"4. On all the evidence in the case it does not appear that the automobile of the defendant was being operated with his knowledge and consent at the time of the collision with the plaintiff's automobile."

"7. If the jury find that the plaintiff at the time of collision

was operating his motor vehicle at a rate of speed exceeding eight miles per hour and that the said collision occurred at the intersection of two streets, the plaintiff himself was violating St. 1910, c. 605, which is evidence of negligence on his part.

"8. If the jury find that the plaintiff failed or omitted to blow his horn as he approached the intersection of Cross and Pleasant streets he was guilty of a breach of St. 1910, c. 605, requiring every person operating a motor vehicle where the operator's view is obstructed, either upon approaching an intersecting way or a curve or corner in the way, to slow down and give a timely signal with his bell, horn or other device for signalling, and this is evidence of negligence on his part."

"11. If the jury find on all the evidence in the case that the plaintiff at the time of the collision between his car and the defendant's car was violating the statute requiring operators of motor vehicles operating a motor vehicle on any road or way where the operator's view is obstructed, as upon approaching an intersection of ways or a curve or a corner in a way, to slow down and give a timely signal with his bell, horn or other device for signalling, and if the jury also finds that the plaintiff was violating the statute requiring operators of motor vehicles operating the motor vehicle on any road or way where the operator's view of the road traffic is obstructed, as upon approaching intersecting ways or a curve or a corner in a way, not to exceed eight miles an hour, then they shall find that the plaintiff was not himself in the exercise of due care and that he cannot recover in this case if his negligence in so violating St. 1910, c. 605, in any way caused or contributed to his injuries.

"12. If the jury find on all the evidence in the case that the plaintiff at the time of the collision between his car and the defendant's car was violating the statute requiring operators of motor vehicles operating a motor vehicle on any road or way where the operator's view of the road traffic is obstructed, as upon approaching an intersection of ways, to slow down and give a timely signal with his bell, horn or other device for signalling, and that he was also violating the statute requiring operators of motor vehicles operating a motor vehicle on any road or way where the operator's view of the road traffic is obstructed, as upon approaching an intersection of ways or a curve or a corner in a

way, not to exceed eight miles an hour, then the plaintiff was not himself in the exercise of due care and the verdict should be for the defendant."

The judge refused to make any of these rulings and also rulings numbered 5 and 13, the exceptions to the refusal of which were waived.

At the request of the plaintiff the judge made the rulings numbered 2, 3 and 5, which are quoted in the opinion, and also the following ruling:

"4. If the jury find that the plaintiff, Porter L. Newton, had no knowledge of the intersecting Cross Street and could not have had such knowledge by the use of ordinary care, as he drove his car along Pleasant Street, till he saw the defendant's car coming upon it, he cannot be charged with knowledge of such intersection and with the duty to slow down and blow his horn."

The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*J. Connolly,* for the defendant.

*J. L. Harvey,* for the plaintiff.

DE COURCY, J. As the plaintiff's automobile was going along Pleasant Street, South Framingham, in a westerly direction, and the defendant's automobile was proceeding on Cross Street in a northerly direction, the machines came into collision where the two streets intersected at right angles. The accident occurred in the forenoon of a clear, dry November day. At the southeast corner of this intersection the view of each driver was obstructed by a stone wall and a hedge.

In these circumstances the provisions of St. 1909, c. 534, §§ 14, 16, as amended by St. 1910, c. 605, §§ 5, 6, became applicable. So far as material this statute provides that "where the operator's view is obstructed either upon approaching an intersecting way or a curve or corner in a way, every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signalling." Further, "Every person operating a motor vehicle on any way in this Commonwealth shall run it at a rate of speed at no time greater than is reasonable and proper, having regard to traffic and the use of the way and the safety of the public. . . . It shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper as aforesaid

. . . if a motor vehicle is operated on any way at a rate of speed exceeding eight miles per hour where the operator's or chauffeur's view of the road traffic is obstructed either upon approaching an intersecting way, or in traversing a crossing or intersection of ways. . . ."

The plaintiff testified that he did not blow the automobile horn as he approached Cross Street and that the last time he did blow it was when he came on to Pleasant Street, — a point about one thousand feet distant, according to the plan.  There was also testimony from which it could be found that as he approached Cross Street the speed of the plaintiff's car was considerably more than eight miles an hour; he himself estimating it at fourteen or fifteen miles an hour.  As bearing on this evidence the defendant specifically by his seventh and eighth, and incidentally in his eleventh and twelfth requests, asked the judge to instruct the jury in substance, that if they found that the plaintiff at the time of the collision was violating the provisions of the statute with reference to the rate of speed or a failure to blow his horn, such violation of the statute was evidence of negligence on his part.

Subject to the defendant's exceptions the court denied these requests, and gave the following rulings as requested by the plaintiff: "2. Violation of statutes as to speed and sounding of horn are *prima facie* evidence only when the facts upon which the plaintiff would be required to slow down or sound his horn are known to him.   3. There must be knowledge of a curve or a thickly settled district or an intersecting street on the part of the driver of an automobile to make it incumbent upon him to slow down or to blow his horn in order to be in obedience to the statute.   He does not violate the statute if he does not know these facts. . . . 5. The plaintiff, Porter L. Newton, cannot be held responsible for not blowing his horn or for a rate of speed which under other circumstances might be in excess of the reasonable and proper rate of speed unless he had knowledge that he was approaching such intersection of Cross Street with Pleasant Street."

We do not think that the judge narrowed the effect of these rulings when, in dealing with the plaintiff's due care, he charged the jury: "He was coming up a different street; his knowledge of the region was less than that of Thomas McSweeney; but the

general propositions are the same, — that he must use the care of a reasonably prudent man operating an automobile under the circumstances as they were known or ought to have been known to him." And while the defendant's fourth request also was given, it was not given to the jury as a modification of the others.

We are of opinion that the trial judge was in error in the construction placed by him upon the statute. This penal statute was intended for the protection of persons lawfully using the public highway. The requirements, that one operating an automobile when approaching an intersecting street shall warn the travellers thereon of his approach, and shall proceed at such a rate of speed as presumably will enable him fully to control his car and thereby avoid collision, are explicit and absolute. *Commonwealth* v. *New York Central & Hudson River Railroad,* 202 Mass. 394. Oftentimes the statutory requirements would be rendered ineffective if a person could be excused from complying with them on the ground that he did not observe in broad daylight that there was an intersecting street in front of him. We find nothing in the language or the purpose of the statute to warrant reading into its express terms the modification which was read into it at the trial. If the admitted failure of the plaintiff to sound his horn as he approached the intersection of Cross Street and Pleasant Street, or a violation of the statutory requirement as to speed, directly contributed to the collision in which he was injured, there was such contributory negligence on his part as would preclude him from recovering, even though the defendant also was negligent. *McCarthy* v. *Morse,* 197 Mass. 332. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, 446. *Bourne* v. *Whitman,* 209 Mass. 155. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489.

As this conclusion renders it necessary to sustain the defendant's exceptions referred to, the others may be briefly disposed of. On the evidence it was for the jury to say whether the person operating the defendant's car was his agent at the time of the collision, and whether the collision might have been avoided if he had had the car under control. This disposes of the defendant's second, third and fourth requests. The fifth and thirteenth are not relied upon. As to the first, we think it was for

the jury to say whether the illegal conduct of the plaintiff in violating the statute was one of the direct causes of the collision.

*Exceptions sustained.*