## Dennis Creedon *vs.* John J. Galvin.

Norfolk.  January 15, 1917. — February 28, 1917.

Present: Rugg, C. J., Loring, Braley, De Courcy, & Crosby, JJ.

*Negligence,* In operating motor vehicle, Contributory. *Evidence,* Opinion.

If the owner of a motor car is driving it in broad daylight on a straight and level highway when a man on foot is crossing the highway diagonally more than one hundred and fifty-five feet ahead of him, and such owner proceeds to drive his car at the rate of twenty-five or thirty miles an hour and gives no warning of his approach until he is only five feet away from the traveller on foot, when he blows his horn, and the forward part of the right hand side of his car strikes the traveller with such momentum that he is rendered unconscious for nine days and delirious for several weeks, in an action against the car owner by the traveller thus injured there is evidence warranting the jury in finding that the defendant was violating St. 1909, c. 534, § 14, as amended by St. 1910, c. 605, § 5, and was negligent otherwise.

In an action for personal injuries sustained after the passage of St. 1914, c. 553, by reason of being run down by a motor car operated by the defendant when the plaintiff was on foot and was crossing diagonally a straight and level highway, having left the side of the road where there was no sidewalk and when the road in front of him was unobstructed and his course was in plain view from any vehicle that might enter the highway, if there is no evidence that the plaintiff looked behind him for approaching vehicles, this does not show conclusively that he was negligent, and such a plaintiff would have been entitled to go to the jury on the question of his due care, even before the passage of the statute of 1914, which creates a presumption that he was in the exercise of due care and requires the submission of that issue to the jury.

A witness, not an expert, who is nineteen years of age and has travelled in motor cars "Many times. Probably a hundred," and who was standing at the side of a

highway looking at a motor car that passed him going at a high rate of speed, properly may be allowed to be asked the question, " How fast do you think this car was going in miles when it passed you?" and to answer, "About twenty-five or thirty miles an hour."

TORT for personal injuries sustained by the plaintiff at about half past two o'clock on the afternoon of May 31, 1914, on Adams Street in Quincy near its junction with Robertson Street by reason of being struck by the forward part of the right hand side of a motor car owned and operated by the defendant. Writ dated July 18, 1914.

In the Superior Court the case was tried before *King,* J. The evidence is described in the opinion. The testimony of the witness Murphy, to the admission of which the defendant excepted, was as follows:

" I am nineteen years of age and lived in Quincy on May 31, 1914. At about 2.30 P. M. on that day I was on the east side of Adams Street. . . . I was just standing there and had been there about ten minutes when the defendant's automobile passed me going at a fast rate of speed." — "Q. How many miles an hour would you say it was going? [Objected to.] — Q. Have you had any experience in automobiles? A. No, sir. — Q. Have you ever ridden in automobiles? A. Yes. — Q. How often? A. Many times. Probably a hundred. — Q. In how long a period? A. Three or four hours. — Q. How fast do you think this car was going in miles when it passed you? [The defendant's counsel. I object. Does your Honor think he is competent? — The judge. I rule he is of sufficient age and experience so as to express an opinion as to speed. It is for the jury to say as to his opinion, what it is worth. Yes, I allow it.] A. About twenty-five or thirty miles an hour. — The defendant's counsel. Will your Honor save my exception to the admission of that? The judge. Yes."

At the close of the evidence the defendant asked the judge to order a verdict for him. The judge refused to do this, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

St. 1914, c. 553, took effect on May 21, 1914, and is as follows:

"Section 1. In all actions, civil or criminal, to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been

in the exercise of due care, and contributory negligence on his or her part shall be an affirmative defence to be set up in the answer of, and proved by the defendant.

"Section 2. All acts and parts of acts inconsistent herewith are hereby repealed.

"Section 3. This act shall take effect upon its passage, but shall apply only to actions or causes of action hereafter accruing.

                                        "Approved May 21, 1914."

*C. S. Knowles,* for the defendant.

*D. A. Ellis,* (*C. J. McGilvray* with him,) for the plaintiff.

DE COURCY, J. It is not in dispute that on May 31, 1914, at about half past two o'clock in the afternoon, while the plaintiff, Creedon, was walking on Adams Street in Quincy, he was struck and seriously injured by a motor car owned and operated by the defendant. The road was straight and level; and no other person or vehicle was near by. The testimony as to how the collision occurred was contradictory. On the evidence most favorable to the plaintiff the jury could find that he was crossing Adams Street diagonally; that the defendant saw him more than one hundred and fifty feet ahead, yet proceeded at a speed of twenty-five or thirty miles an hour and gave no warning of his approach except by blowing his horn when he was about five feet from the plaintiff; and that the car struck Creedon with such momentum that thereafter he was unconscious for nine days and delirious for several weeks. St. 1909, c. 534, § 14, as amended by St. 1910, c. 605, § 5, expressly provides: "Upon approaching a pedestrian who is upon the travelled part of any way and not upon a sidewalk, . . . every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signalling." The foregoing facts warranted the jury in finding that the defendant was violating the statute, and was otherwise negligent. *Rasmussen* v. *Whipple,* 211 Mass. 546. *Rogers* v. *Phillips,* 217 Mass. 52. *Newton* v. *McSweeney,* 225 Mass. 402.

The issue of the plaintiff's due care rightly was submitted to the jury. He has no recollection of what occurred at the time of the accident. It could be found that he had started to cross Adams Street from the westerly side where there was no sidewalk. The street in front of him was unobstructed, and his course was in plain view from any vehicle that might enter the highway. There

was no testimony that he looked behind for approaching vehicles; but that is not conclusive on the question of his due care even at common law. *Hennessey* v. *Taylor*, 189 Mass. 583. *Booth* v. *Meagher*, 224 Mass. 472. Moreover St. 1914, c. 553, which provides that the plaintiff shall be presumed to have been in the exercise of due care, and that contributory negligence on his part shall be an affirmative defence, required the submission of this issue to the jury, on the facts here disclosed. *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401.

The testimony of the witness Murphy as to the rate of speed of the automobile, stated in miles per hour, was properly admitted. *Johnston* v. *Bay State Street Railway*, 222 Mass. 583.

*Exceptions overruled.*