LESLIE M. WALTERS *vs.* FRANK H. DAVIS & another.
ELIZABETH G. WICK *vs.* SAME.

Essex.    November 19, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, In use of motor vehicle, In use of highway, Contributory. *Law of the Road.*

At the trial of an action for personal injuries received by the plaintiff when a motor car which he was driving was run into by one operated by an employee of the defendant, it appeared that, previous to the collision, the plaintiff was approaching a much travelled avenue on an infrequently travelled narrow lane and that the point of intersection of the two ways was dangerous because the view from each way to the other was obscured by trees and shrubbery. The plaintiff testified that, at a point one hundred feet from the intersection, he was able to get a view up the avenue toward his left and saw nothing approaching, that he sounded his horn about fifty-seven feet from the avenue, that, when the front of his motor car was flush with the side of the avenue, he was able to look up the avenue to his left from one hundred twenty-five to one hundred fifty feet and saw no motor vehicle, that he had been listening and had heard no signalling, that at that point the lane was thirty-two and the avenue was twenty-two feet wide and that, as he turned into the avenue to go to his left, he passed within twenty-eight inches from the corner at the left side of the lane and did not drive on his right hand side of the lane past the middle point of the intersection of the ways before turning to his left, because, the wheel base of his car being one hundred and twenty-eight inches, he could not have done so; and

that, if he had been on his right hand side of the lane, he probably could have seen the defendant's car approaching; that he proceeded into the avenue at the rate of ten miles per hour and was struck by the defendant's car approaching from his left at the rate of thirty miles per hour. *Held,* that

(1) It could not be ruled as a matter of law that negligence of the plaintiff contributed to the injury;

(2) The plaintiff's violation of St. 1910, c. 605, § 6, while *prima facie* evidence of negligence on his part, still left the question of his negligence one of fact to be determined by the jury;

(3) The question, whether the plaintiff's admitted violation of St. 1909, c. 534, § 14, as amended by St. 1917, c. 200, § 1, caused or contributed to the collision or was only an attendant circumstance, was for the jury.

TWO ACTIONS OF TORT, the first for personal injuries and the second for damage to a motor car alleged to have resulted from a collision with a motor car owned by the defendants and negligently operated by their servant or agent. Writs dated December 5, 1917.

In the Superior Court, the actions were tried together before *Dubuque,* J. Material evidence is described in the opinion. At the close of the evidence, the defendants moved that verdicts be ordered in their favor. The motions were denied. The jury found for the plaintiff in the first action in the sum of $3,000, and for the plaintiff in the second action in the sum of $600; and the defendants alleged exceptions.

*H. R. Mayo,* for the defendants.

*L. C. Doyle,* for the plaintiffs.

CROSBY, J. These actions, tried together, arise out of the collision of an automobile, operated by the plaintiff in the first action, with an automobile owned by the defendants and operated by their servant. The first action is brought to recover for personal injuries, and the second for damages to the plaintiff's automobile.

It is conceded by the defendants that it could not have been ruled that there was no negligence on the part of the driver of the defendants' car who, at the time of the accident, it was agreed, was acting as the defendants' agent within the scope of his employment. The only question before us is whether the defendants were entitled to have a verdict directed in their favor on the ground that the plaintiffs, as matter of law, were guilty of such contributory negligence as to bar their recovery.

On the day of the accident, September 29, 1917, at about noon,

the plaintiff Walters, who was the chauffeur of the plaintiff Wick, left the plaintiff Wick's home on University Lane in Manchester to go to Marblehead; the plaintiff Wick and two other persons were passengers in the car. University Lane, an infrequently travelled narrow road with three houses on it described as "just wide enough for one automobile," enters Magnolia Avenue, which is a much travelled way. The point of entrance is a dangerous place as no view can be had of traffic by travellers on either street as they approach the corner, because of a thick growth of trees and shrubbery on the left of the lane as it extends toward the avenue.

The plaintiff Walters testified that as he approached the avenue there was a place about one hundred feet from the junction of the two streets where he could get a view to the left of the avenue which was the direction in which he intended to turn; that he looked in that direction but saw nothing; that five or six feet before he crossed a bridge which was about fifty-seven feet from the corner he sounded his horn; that when the radiator of his car was about flush with the end of the lane he looked to his left and could see one hundred and twenty-five or one hundred and fifty feet but did not see any automobiles; that he then proceeded to cross the avenue and when the front wheels of his car had reached the centre, he saw the defendants' car approaching on its right side of the road about seventy-five feet away and travelling about thirty miles an hour; that he had been listening but heard no signalling; that he endeavored to cross and then turn to his left, but before he could do so the defendants' car suddenly swerved toward him and his car was struck by that of the defendants.

He also testified that University Lane at the point where it enters the avenue is thirty-two feet wide; that as he swung into the avenue his car was about twenty-eight inches from the left hand side of the lane as he was travelling; that the avenue at its intersection with the lane was twenty or twenty-two feet wide in the travelled part; that he could not have turned into the avenue without running his car close to the left hand side of the lane, as he made the turn, because the avenue at that point was too narrow, the wheel base of his car being one hundred and twenty-eight inches; that if he had been on the right hand side of the lane he probably could have seen clear down Magnolia Avenue.

While the question is close, we are of opinion that it could not have been ruled as matter of law that negligence of Walters contributed to the accident. Whether he should have sounded his horn sooner or more often as he approached Magnolia Avenue, whether he should have seen or heard the approach of the defendants' car sooner, or have entered the avenue from the right side of the lane instead of the left, or have stopped his car before entering that street, were all questions of fact for the determination of the jury.

It cannot be said that the only rational inference to be drawn from his conduct is that he was not exercising due care. Accordingly *Ferguson* v. *Old Colony Street Railway*, 204 Mass. 340, *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392. and similar cases relied on by the defendants,· are distinguishable in their facts from the case at bar.

There was evidence that Walters violated two statutes regulating the operation of motor vehicles on highways. He testified that as he approached the intersection of the street and the avenue he ran his car ten miles an hour; under St. 1910, c. 605, § 6, the operation at such a place of a motor vehicle at a rate of speed exceeding eight miles an hour is *prima facie* evidence of a rate of speed greater than is reasonable and proper; still it was a question for the jury to determine under all the circumstances whether the automobile was operated at a rate of speed greater than was reasonable and proper. *Commonwealth* v. *Cassidy*, 209 Mass. 24.

It is the duty of a driver of a motor vehicle on a highway approaching a crossing of ways to slow down and keep to the right of the intersection of the centres of both ways, when turning to the right, and pass to the right of the intersection of the centres of the ways before turning to the left. St. 1909, c. 534, § 14, as amended by St. 1917, c. 200, § 1. The testimony of Walters shows that he turned into Magnolia Avenue at the left of the intersection of the centres of the ways in violation of the statute; he testified that it was necessary to do so on account of the narrowness of the avenue and the length of his car. While it is difficult for us to see why he could not have complied with the terms of the statute, still it was a question of fact for the jury whether his admitted violation of the statute caused or contributed to the collision or was only an attendant circumstance. *Bourne* v. *Whitman,* 209

Mass. 155, 166. *Driscoll* v. *Boston Elevated Railway*, 223 Mass. 533, 536. *Newton* v. *McSweeney*, 225 Mass. 402. *Rice* v. *Lowell Buick Co.* 229 Mass. 53, 57.

*Exceptions overruled.*