ALEXIS H. DARIS *vs.* MIDDLESEX AND BOSTON STREET RAILWAY
COMPANY.

Middlesex.     November 30, 1921. — June 26, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Contributory negligence, In use of highway, Street railway.

In an action against a street railway company for injuries sustained in a collision
between a motor vehicle driven by the plaintiff and a street car of the defendant
at intersecting streets about 9 A.M. on a December 5 there was evidence tending
to show that the view between the street along which the plaintiff was driving ·
and that along which the street car was being operated was somewhat obscured
by a pine tree, a bill board, a pile of sleepers of considerable length and at one
point by an undergrowth of broken and small pines, that the motor vehicle
was being driven as to speed and control contrary to the provisions of G. L.
c. 90, §§ 14, 17, and that the motorman approached the junction of the two
streets at full speed and without sounding a whistle or bell or giving other
warning. The judge ordered a verdict for the defendant. *Held,* that

(1) The contributory negligence of the plaintiff was an affirmative defence,
the burden of which rested on the defendant;

(2) It could not have been ruled as matter of law that the defence of con-
tributory negligence had been made out;

(3) Whether in the exercise of due care the plaintiff ought to have seen the
approaching car notwithstanding the obstructions to vision, was for the jury;

(4) Whether the plaintiff's violation of G. L. c. 90, §§ 14, 17, contributed
to his injury was a question of fact for the jury;

(5) Whether the motorman of the defendant's car was negligent also was a
question of fact;

(6) The action fell within the general rule that, when collisions occur at
intersecting streets between trolley cars and motor vehicles, the issues of due
care and negligence of the respective drivers present questions of fact for the
jury.

TORT for personal injuries and for damage to a motor car alleged
to have resulted from a collision with a street car of the defendant
at the intersection of West Main Street or West Central Street and
Boden Lane in West Natick on December 5, 1917. Writ dated
December 22, 1917.

In the Superior Court, the action was tried before *Raymond,* J.
Material evidence is described in the opinion. At the close of the
plaintiff's evidence the judge ordered a verdict for the defendant;
and the plaintiff alleged exceptions.

*J. J. Shaughnessy*, for the plaintiff.

*P. F. Drew*, (*C. S. Walkup, Jr.*, with him,) for the defendant.

RUGG, C. J. This is an action of tort to recover compensation for personal injuries and for damage to property sustained at about nine o'clock in the forenoon of December 5, 1917, by the plaintiff's intestate through collision between an automobile, which he was driving, with a trolley car of the defendant. The collision occurred at the junction of two public ways, Boden Lane and West Central Street. The automobile was being driven on Boden Lane, on a descending grade toward West Central Street. On the side of that street the defendant maintained two tracks. A trolley car was coming on the track nearer Boden Lane. Without narrating the evidence in detail, it is enough to say that there was some evidence tending to show that the view of one driving down the lane was somewhat obscured in the direction from which the trolley car was approaching, by a pine tree, a bill board, a pile of sleepers of considerable length, and at one point by an undergrowth of bushes and small pines.

The plaintiff's intestate did not testify, having died before the trial. His contributory negligence was an affirmative defence, the burden of proving which rested on the defendant. G. L. c. 231, § 85. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Mercier* v. *Union Street Railway*, 230 Mass. 397. Although this was a close question of fact, it still was a question of fact. It could not have been ruled as matter of law that this defence had been made out. Whether in the exercise of due care he ought to have seen the approaching car notwithstanding the obstructions to vision, was for the jury.

There was evidence that the automobile was being driven as to speed and control contrary to the provisions of St. 1909, c. 534, §§ 14, 16, as amended (see now G. L. c. 90, §§ 14, 17). If this violation of law contributed to the injury, recovery would be barred. *Newton* v. *McSweeney*, 225 Mass. 402. Whether it did so contribute was a question of fact and could not have been ruled as matter of law. *Bourne* v. *Whitman*, 209 Mass. 155. *Todd* v. *Traders & Mechanics Ins. Co.* 230 Mass. 595, 598. *Walters* v. *Davis*, 237 Mass. 206, 209.

Whether the motorman of the defendant's car was negligent also was a question of fact. He approached the junction of two

streets with the obstructions such as they were at full speed and without sounding a whistle or bell or giving other warning.

The case at bar falls within the general rule that when collisions occur at intersecting streets between trolley cars and automobiles the issues of due care and negligence of the respective drivers present questions of fact for the jury. *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104. *Foster* v. *Boston Elevated Railway*, 214 Mass. 61. *Salisbury* v. *Boston Elevated Railway*, 239 Mass. 430.

*Exceptions sustained.*