Michael J. Barnett *vs.* Boston Elevated Railway Company.

Suffolk.    December 6, 1922. — March 14, 1923.

Present: Rugg, C.J., De Courcy, Crosby, Pierce, & Carroll, JJ.

*Negligence*, Plaintiff's due care, Street railway.

At the trial of an action against a street railway corporation for personal injuries received in a collision of a car of the defendant with a coal wagon driven by the plaintiff, there was evidence that the plaintiff left the yard of his employer driving a pair of horses hitched to a loaded coal wagon and was proceeding by one of two intersecting streets to cross the other, upon which were located double tracks of the street railway corporation, when the accident occurred. The plaintiff testified that after the coal was weighed he looked up and down the street and neither heard nor saw a car "and that is the finish. . . . That is as far as I can remember," and that the next thing he remembered was "Waking up in the hospital;" that at the place where he drove out of his employer's yard it was about fifty or sixty feet from the car tracks and from there he could see three or four hundred feet on the street on which the street railway tracks were located. On cross-examination the plaintiff testified that he looked to see if he had a clear road and looked "Far enough to get across" and did not remember seeing a car; that his team was walking as he left the yard and that he attempted to recollect the details of the collision, but could not. There was

evidence that the car was going at a fast rate of speed and struck the rear wheel of the plaintiff's wagon; that the plaintiff was seen by the motorman when fifty feet away; that no signal was given by the motorman, and that the motorman's view of the crossing was not obstructed. *Held,* that

(1) There was evidence to be submitted to the jury of the plaintiff's due care;

(2) The burden of the affirmative defence of contributory negligence was upon the defendant;

(3) It could not be ruled as a matter of law that the plaintiff was careless;

(4) It was for the jury to determine whether the defendant was negligent.

TORT for personal injuries sustained in a collision of a car of the defendant with a coal wagon driven by the plaintiff. Writ dated October 14, 1919.

In the Superior Court, the action was tried before *Bell,* J. Material evidence is described in the opinion. By order of the judge, the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*K. A. Sanderson,* for the plaintiff.

*R. L. Mapplebeck,* for the defendant.

CARROLL, J. The plaintiff was struck by one of the defendant's cars, at the corner of Victory Road and Freeport Street, Dorchester, and injured. Victory Road is a main thoroughfare running easterly from Field's Corner, with two parallel car tracks of the defendant in the centre of the street. The southerly track is known as the outward track. On the southerly side of Victory Road and the westerly side of Freeport Street there is a fence about five feet high, "extending for some distance down both Freeport Street and Victory Road." Twelve hundred feet from Freeport Street, Victory Road passes under a railroad bridge. From the southerly side of Victory Road at its intersection with Freeport Street to this bridge, "there is nothing to obstruct the view of the car between the points." The plaintiff was struck by a car on the outward track. He left the yard of his employer, driving a pair of horses hitched to a loaded coal wagon, and was proceeding by way of Freeport Street to cross Victory Road when the accident occurred.

The plaintiff testified that after the coal was weighed he looked up and down the street and neither heard nor saw a car; "and that is the finish. . . . That is as far as I can remember;" the next thing he remembered was "Waking up in the hospital;" that the place where he drove out of his employer's yard was about

fifty or sixty feet from the car tracks on Victory Road, and from there he could see three or four hundred feet "to the culvert on Victory Road;" that he was in the hospital seventeen days; that he was hurt on the left side of his head over the eye and on the temple, and there was "an open wound there." On cross-examination he testified that he looked to see if he had a clear road and looked "Far enough to get across" and did not remember seeing a car; that his team was walking as he left the yard and that he attempted to recollect the details of the collision, but could not. There was evidence that the car was going at a "fast rate" of speed and struck the rear wheel of the plaintiff's wagon; that the plaintiff was thrown under the horses' hoofs and rendered unconscious; that as the plaintiff's team was crossing the tracks, the defendant's car was about forty feet away. One witness who saw the car just before it hit the wagon, testified that "she heard no signal from the motorman." In the Superior Court a verdict for the defendant was directed, and the plaintiff excepted.

There was evidence to be submitted to the jury of the plaintiff's due care. He did not remember anything that happened after he looked up and down the street; from the time he left the yard until he became conscious at the hospital he had no recollection of anything connected with the collision. All the facts are not before us. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 379. *Mercier* v. *Union Street Railway*, 230 Mass. 397. Under St. 1914, c. 553, the burden of the affirmative defence of contributory negligence was upon the defendant, and it could not be ruled that as matter of law the plaintiff was careless. *Farris* v. *Boston Elevated Railway*, 210 Mass. 585. *Creedon* v. *Galvin*, 226 Mass. 140. *Healy* v. *Boston Elevated Railway*, 235 Mass. 150. *Quinlan* v. *Hugh Nawn Contracting Co.* 235 Mass. 190. *Connolly* v. *Boston Elevated Railway;* 236 Mass. 173. In *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392, all the circumstances in connection with the due care of the plaintiff were disclosed. In *Grant* v. *Boston Elevated Railway*, 229 Mass. 219, the jury were instructed that the burden of showing due care was upon the plaintiff, and there was evidence bearing on this question. In the remaining cases relied on by the defendant, St. 1914, c. 553, was not involved.

There was evidence that the car was moving at a high rate of

speed, that the plaintiff was seen by the motorman when fifty feet away and had nearly cleared the track when his team was struck. There was some evidence, also, that no signal was given by the motorman. It was for the jury to determine whether the defendant was negligent. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232. *Farris* v. *Boston Elevated Railway, supra. Connolly* v. *Boston Elevated Railway, supra. Salisbury* v. *Boston Elevated Railway,* 239 Mass. 430, and cases cited. See *Creedon* v. *Galvin, supra.* The case should have been submitted to the jury.

*Exceptions sustained.*