DENIS O'CALLAGHAN, administrator, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.   March 20, 1924. — May 19, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence,* Contributory.   *Evidence,* Presumptions and burden of proof.

At the trial of an action by an administrator against a street railway company to recover for the death of the plaintiff's intestate, alleged to have been caused by negligence of the defendant, there was evidence tending to show merely that at nine o'clock on a morning in February the plaintiff's intestate was seen to step from the curb of a street, on which cars of the defendant ran, when a car of the defendant was about two hundred feet distant; that when the car struck the plaintiff's intestate it was moving at a rate of twenty-five miles an hour; that it proceeded about two hundred feet after the collision; that no bell was sounded, and that the plaintiff's intestate did not look toward the approaching car but continued looking ahead. *Held,* that

(1) The evidence showed that the plaintiff's intestate was not in the exercise of due care;

(2) The provisions of G. L. c. 231, § 85, were not applicable;

(3) It was proper to order a verdict for the defendant.

TORT by the administrator of the estate of Mary Canavan to recover for the causing of her death through negligence of the defendant. Writ dated January 25, 1922.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the defendant rested. A verdict was ordered for the defendant. The plaintiff alleged exceptions.

*D. H. Fulton,* for the plaintiff.

*J. P. Carr,* for the defendant.

CARROLL, J. This action is to recover for the death of the plaintiff's intestate, who was killed, about nine o'clock in the morning February 27, 1921, by reason of being struck by an electric car operated by the defendant on Beacon Street, Somerville. A witness called by the plaintiff, who " saw about all there was of the occurrence," testified he was standing on Beacon Street waiting for an inbound car and saw the plaintiff's intestate " coming out of Kent Street " and continuing across Beacon Street; that when she stepped from the curb to cross Beacon Street the electric car was about two hundred feet distant; that when it struck the intestate it was moving on Beacon Street at the rate of twenty-five miles an hour, and went about two hundred feet after it struck her. The witness stated he was " watching the girl [the plaintiff's intestate] the instant she stepped down off the sidewalk " and until she was struck, but did not see her look toward the approaching car and so far as he knew she " was looking straight ahead." There was evidence that no bell was sounded.

From the undisputed facts shown in this case, it appears that the plaintiff's intestate walked across the street when the approaching car was in full view, without looking and without taking any precautions for her safety. The evidence of the plaintiff's witness shows that the intestate was not in the exercise of due care. G. L. c. 231, § 85, does not help the plaintiff. The case is governed by *Duggan v. Bay State Street Railway,* 230 Mass. 370; *Pigeon v. Massachusetts Northeastern Street Railway,* 230 Mass. 392, *Sullivan*

v. *Chadwick,* 236 Mass. 130, 137, *Will* v. *Boston Elevated Railway,* 247 Mass. 250.

*Bagnell* v. *Boston Elevated Railway,* 247 Mass. 235, *Doyle* v. *Boston Elevated Railway,* 248 Mass. 89, *Conroy* v. *Maxwell,* 248 Mass. 92, and *Barnett* v. *Boston Elevated Railway,* 244 Mass. 418, are distinguishable from the case at bar. The judge was right in directing a verdict for the defendant.

*Exceptions overruled.*