ERNEST S. BOGERT *vs.* DANIEL CORCORAN.

ERNEST C. BOGERT *vs.* SAME.

Suffolk.    March 22, 1927.— June 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Motor vehicle, In use of highway, Contributory. *Practice, Civil*, Requests, rulings and instructions, Exceptions.

At the trial of an action for personal injuries resulting from a collision between a motorcycle operated by the plaintiff and a motor truck owned by the defendant and operated by his employee, it appeared that the motorcycle, while proceeding on its right side of a public way, ran into the truck coming from the opposite direction when it turned to its left to enter an intersecting way without passing to the right of the intersection of the ways as required by G. L. c. 90, § 14, and that the view at the intersection of the ways was somewhat obstructed. Evidence for the plaintiff was that the motorcycle for two hundred yards before the collision was proceeding at the rate of twenty miles per hour. Evidence for the defendant gave it a higher rate of speed. *Held*, that

(1) Whether the plaintiff's violation of G. L. c. 90, § 17, contributed to the accident as a cause or merely as an attending circumstance or condition was a question of fact for the jury;

(2) On all the evidence, the question, whether negligence of the plaintiff contributed to the injury, was for the jury;

(3) A request by the defendant for a ruling, "If the jury find that the speed of the motorcycle was in excess of fifteen miles per hour . . . prior to the accident, such speed was *prima facie* evidence of negligence," while it was not strictly accurate, in that it omitted reference to an eighth of a mile as the distance run at that speed, was enough to direct the judge's attention to an important branch of the case; and, by reason of G. L. c. 90, § 17, a refusal to grant such request was reversible error.

TWO ACTIONS OF TORT described in the opinion. Writs dated, respectively, June 4, 1924, and December 11, 1925.

In the Superior Court, the actions were tried together before *Raymond*, J. Material evidence and rulings by the judge are stated in the opinion. There were verdicts for the plaintiffs in the sums of $38,000 and $5,000, respectively. The defendant alleged exceptions.

*C. L. Allen*, (*E. Sullivan* with him,) for the defendant.

*W. Flaherty*, (*A. B. Carey* with him,) for the plaintiffs.

CARROLL, J. Ernest S. Bogert, hereafter referred to as the plaintiff, riding a motorcycle on Bay State Road, Boston, was injured by a collision with a truck at the intersection of Bay State Road and Sherborn Street. The action of Ernest C. Bogert, the plaintiff's father, is for consequential damages sustained by him. The cases were tried together. The defendant Thompson having died, the action was prosecuted against the defendant Daniel Corcoran.

The evidence was conflicting, but it could have been found that the driver of the truck was negligent. There was testimony indicating that, moving in an opposite direction from the plaintiff, he made a sharp turn to his left from Bay State Road into Sherborn Street, without passing to the right of the intersection of the ways as required by G. L. c. 90, § 14. A witness called by the plaintiff testified that on the day of the accident he was driving in town in a sedan motor car, going at a speed of "not much over fifteen miles an hour"; that when he was on Bay State Road at a point two hundred yards from Sherborn Street, the motorcycle of the plaintiff passed him; that when he was about fifty yards from the intersection of the streets the truck turned into Sherborn Street, and the motorcycle hit it near its center, at a slight angle; that as the motorcycle passed the sedan it swung over to the right in front of it on the right hand side of the street; that the motorcycle was going twenty miles an hour and continued that speed to the corner of Sherborn Street. This testimony was in part corroborated by a passenger in the sedan. A policeman called by the plaintiff testified that he arrived at the corner of Bay State Road and Sherborn Street within a few minutes after the collision, and found the motorcycle about a foot from the truck "opposite the third quarter of the truck back from the front." The

plaintiff testified he had no recollection of the events leading up to the accident.

For the defendant there was evidence that the plaintiff was going at the rate of thirty-five or forty miles an hour when injured; that when the motorcycle was removed, its battery was running, and the speedometer "read 38 miles an hour on the red dial"; that proceeding down Bay State Road and approaching Sherborn Street "there are buildings on each corner," with grass plots in front, the houses on Bay State Road being twenty-five or twenty-six feet wide.

By G. L. c. 90, § 17, it is *prima facie* evidence of a rate of speed greater than is reasonable or proper if a motor vehicle is propelled inside a thickly settled district at a rate of speed exceeding fifteen miles an hour, for the distance of one eighth of a mile; or in any place where the operator's view of the road traffic is obstructed, either upon approaching an intersecting way or in traversing a crossing or intersection of ways at a rate of speed exceeding eight miles an hour. For six hundred feet the plaintiff drove his motorcycle at a rate of speed greater than fifteen miles an hour in a thickly settled district and continued to the intersecting street at the same rate of speed. If this continued for an eighth of a mile, it would be in violation of the statute. And he also would be violating the statute limiting the rate of speed to eight miles an hour if his view were obstructed. It might properly have been found that the plaintiff was not in the exercise of due care. He apparently proceeded to the intersecting street without checking his speed, when slight care on his part would have prevented the injury. On the other hand, we cannot say as matter of law that he was careless. While the question is close, we think his care was for the jury to decide. They viewed the scene of the accident. Considering the locality and the space in front of the houses, the plaintiff's view may not have been obstructed. There was also evidence of the wheel marks of the motorcycle indicating that the brakes were set before the collision; and the fact that the defendant turned into Sherborn Street in violation of the statute, in a manner not to be expected, makes the question of the plaintiff's care one of fact for the

jury. The collision occurred at the intersection of two streets. In such cases the negligence of the defendant and care of the plaintiff are generally considered questions of fact. *Salisbury* v. *Boston Elevated Railway,* 239 Mass. 430. *Dillon* v. *Plimpton,* 239 Mass. 588, 589. Whether the plaintiff's violation of the automobile statute contributed to the accident as a cause, or merely as an attending circumstance or condition, was also a question of fact for the jury. *Newton* v. *McSweeney,* 225 Mass. 402. *Walters* v. *Davis,* 237 Mass. 206, 209. *Daris* v. *Middlesex & Boston Street Railway,* 241 Mass. 580. A jury could have found that the cause of the accident was the rate of speed at which the plaintiff was driving his motorcycle, but the question was one of fact to be decided by them.

The defendant asked the judge to instruct the jury, "If the jury find that the speed of the motorcycle was in excess of fifteen miles per hour while driving along Bay State Road prior to the accident, such speed was *prima facie* evidence of negligence." This request was refused. It was not disputed that the plaintiff for a distance of six hundred feet from Sherborn Street continued to travel at a rate of speed in excess of fifteen miles an hour. There was evidence that the plaintiff was going at the rate of thirty-eight miles an hour. It could have been found upon all the evidence, including the rate of speed he was traveling when he passed the sedan, that for an eighth of a mile this rate of speed had continued. Nor was it disputed that this was a thickly settled district. This rate of speed was *prima facie* evidence of negligence, and it could have been found that it contributed to the accident. This request was not strictly accurate, in that it omitted reference to an eighth of a mile as the distance run at that speed, but it was enough to direct the judge's attention to an important branch of the case. See *Bergeron* v. *Forest,* 233 Mass. 392, 401; *Bilodeau* v. *Fitchburg & Leominster Street Railway,* 236 Mass. 526, 539. It was error to refuse this instruction and it was prejudicial to the defendant. For this reason in each case the defendant's exceptions are sustained.

*Exceptions sustained.*