Tomasello, J.
In an action of tort in Which it was sought to recover for damages to the plaintiff’s motor vehicle caused by the alleged negligent operation of a motor vehicle by the defendant at an intersection of streets in the thickly settled district of the City of Boston.
The plaintiff’s evidence disclosed that, while he was operating the motor vehicle on Shawmut Avenue, which intersected Union Park Street at approximately right angles, he approached the intersection slowly and looked to the left and did not see the defendant’s automobile. The plaintiff’s testimony was conflicting as to the location of his automobile when he first saw the defendant’s automobile and he finally stated that he wished to leave it, that when his automobile was about one-half way into the intersection he then saw the defendant’s automobile coming from his left and it was then ten feet away from him. The plaintiff further testified that the defendant came from the left at a very fast *81 rate of speed, collided with the front of the plaintiff’s automobile, making a half turn and continuing across the intersection.
There was evidence that upon reaching the building line on either street, there was nothing to obstruct the view for a considerable distance.
The defendant’s testimony was to the effect that while driving on Union Park Street in a general westerly direction, he approached Shawmut Avenue, slowed down to about ten miles per hour, saw the plaintiff’s automobile on Shawmut Avenue, about 30 or 35 feet back from the intersection, traveling at the same rate of speed as the defendant. Upon noting that the plaintiff’s automobile was not going to stop he applied the brakes, and upon discovering the road was slippery, he accelerated the automobile in an effort to get it out of the way of the on-coming automobile, but was collided with at the center of the right hand side, turning his automobile half way around. He further testified that his automobile was three-quarters of the way through the intersection when struck.
As a portion of the evidence the trial judge viewed two photographs of the location, and two photographs of the automobile operated by the defendant. Shawmut Avenue is about forty-five feet in width and Union Park Street is approximately forty feet in width, according to the evidence.
The trial judge ill denying certain requests for rulings filed by the plaintiff made the following memorandum of findings: “I am not satisfied by the preponderance of the evidence who was negligent here. The evidence weighs even as I measure it.”
The special finding of the trial judge is sufficiently specific. It is evident from the interpretation of the phraseology used that the court was satisfied that the plaintiff had *82 not sustained the burden of showing* by a reasonable balance of the evidence that the defendant was negligent; also that the evidence produced by the defendant was just as feasible of belief as that presented by the plaintiff.
In civil cases the burden of proof is sustained by a reasonable preponderance of evidence produced by the one on whom the- burden rests; Roberge v. Burnham, 124 Mass. 277; Grella v. Lewis Wharf Co., 211 Mass. 54, 59; and where the facts proved by a party who has the burden of sustaining an issue are as consistent with one view of the case as another he has not sustained the burden of proof which rests upon him. Shea v. Boston & Maine Railroad, 154 Mass. 31. Toland v. Paine Furniture Co., 175 Mass. 476. Bigwood v. Boston & Northern St. Ry., 209 Mass. 345. Murphy v. Old Colony Railway Co., 230 Mass. 333. Hanna v. Shaw, 244 Mass. 57, 60. Gates v. Boston & Maine Railroad, 255 Mass. 297, 301. Willett v. Herrick, 258 Mass. 585, 600. City of Worcester v. Rocheford & Son, Inc., 300 Mass. 261, 262.
Although there is an inconsistency between the denial of the plaintiff’s third request that “the plaintiff was at all times in the exercise of due care” and the special finding, the inconsistency does not affect the general finding as the plaintiff’s failure to prove the defendant’s negligence justified the general finding for the defendant. Moreover such inconsistency is not properly before us on this appeal as it should have been raised by a motion for new trial. Duralith Corp. v. Leonard, 274 Mass. 397, 401. Di Lorenzo v. The Atlantic National Bank, 278 Mass. 321, 324. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318.
Bequest numbered 2 was properly denied. The evidence did not require a finding for the plaintiff as a matter of law. It is a general rule that when collisions occur at in *83 ter seating streets between automobiles the issue of due care and negligence of the respective drivers presents .questions of fact. Dodge v. Town Taxi, Inc., 281 Mass. 77. Barrows v. Checker Taxi Co., 290 Mass. 231, 233.
“The court was not required to give credit to any evidence tending to prove facts essential to the plaintiff’s right of recovery.” Engel v. Checker Taxi Co., 275 Mass. 471, 476.
There was no evidence binding upon the defendant that required such a finding. Memishian v. Phipps, 311 Mass. 521.
The denial of request numbered 3, “The plaintiff was at all times in the exercise of due care”, implied a finding of contributory negligence on the part of the plaintiff, who was operating his automobile at the time of the alleged incident which in and of itself was a bar to the plaintiff’s right of recovery regardless of the defendant’s negligence, if any. Newton v. McSweeney, 225 Mass. 402. Sutherland v. Caruso, 258 Mass. 513. Cohen v. Martin, 298 Mass. 425.
All of the other requests upon which this appeal is based were properly denied. They were requests for findings of fact. The trial judge was not required to pass upon such requests. Ashapa v. Reed, 280 Mass. 514.
Having denied these requests there was no error. The evidence did not require contrary findings. Perry v. Hanover, 1943 A. S. 1027.
The plaintiff further claims to be aggrieved because the trial judge made no findings of facts in denying his requests. A judge is not required to give reasons for any ruling given or request for ruling denied. Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, 71. Davis v. Boston Elevated Ry. Co., 235 Mass. 482, 494, 495.
*84 Bule 28 is not applicable. None of the rulings were denied as ‘ ‘ inconsistent with or inapplicable to the facts found.” The denial of the requests was in effect a finding contrary to facts requested. No explanation was necessary.
Report dismissed.