LAURITZ F. RASMUSSEN, administrator, vs. AMOS H. WHIPPLE.

Suffolk.    March 29, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* In use of automobile, Due care of plaintiff's decedent.    *Automobile.*

At the trial of an action against the owner of an automobile by an administrator to recover under R. L. c. 171, § 2, for the death of the plaintiff's intestate, there was evidence tending to show that the intestate was a bright, intelligent newsboy selling papers in and near a public square which was a point of transfer for passengers on various street car lines where many persons were standing or moving, that just before he was killed he had sold a paper to one of two men standing near the curb on a space reserved for street cars in the middle of a street entering the square and had started to cross the street to get a paper wanted by the other man when he was struck by the defendant's automobile, that the automobile had passed within arm's length of the two men at a rate of speed which one witness stated was from eighteen to twenty miles an hour, and that no sufficient warning or signal was given by the driver of the automobile of its approach. The defendant sat on the front seat of the automobile and the driver acted immediately under his direction. *Held,* that the questions, whether the plaintiff's intestate was in the exercise of due care when he was killed, and whether his death was caused by negligence of the defendant, were for the jury.

TORT under R. L. c. 171, § 2, to recover for the death of Albert E. F. Rasmussen on April 22, 1907. Writ dated June 15, 1907.

In the Superior Court the case was tried before *Brown,* J.

On the question of due care of the plaintiff's intestate, there was evidence tending to show that the intestate was a bright, intelligent newsboy a little over twelve years and two months of age, selling papers in Mattapan Square in Boston; that just before the accident he had been called by two men who were standing near the curb on a reserved space in the middle of Blue Hill Avenue at its entrance into the square, and had sold a paper to one of them; that the other man asked him for a paper which he did not have and he stated that he would get it and turned and started across the street to do so, when he was struck and killed by the defendant's automobile which passed within arm's reach of one of the men. There also was evidence, described in the opinion, tending to show that Mattapan Square was much frequented, that no signal was given by the automobile

sufficient to warn the plaintiff's intestate, and that the automobile was moving at a high rate of speed. The defendant was on the front seat of the automobile beside the driver.

Other facts are stated in the opinion.

At the close of the plaintiff's evidence and again at the close of all the evidence, the defendant moved that a verdict be ordered in his favor. Both motions were denied and the case was submitted to the jury, who returned a verdict for the plaintiff in the sum of $2,000. The presiding judge refused to receive that verdict, and ordered the jury to return a verdict for the defendant and reported the case for determination by this court, judgment to be entered for the plaintiff in the sum of $2,000 if there was evidence warranting a submission of the case to the jury; and, if there was no such evidence, judgment was to be entered for the defendant.

*E. B. Gibbs*, for the plaintiff.

*H. F. Hurlburt, Jr.*, for the defendant.

DeCourcy, J. The plaintiff's intestate, a boy twelve years of age, while selling papers on the easterly roadway of Blue Hill Avenue near Mattapan Square, was struck by the defendant's automobile and killed. At the time of the accident the defendant was in the automobile, and the driver acted immediately under his direction. Accordingly the gross negligence of the employee becomes immaterial, and it is conceded that the plaintiff is obliged to show only ordinary negligence on the part of the defendant or his driver. R. L. c. 171, § 2.

Near the place of the accident passengers travelling on electric cars from Brockton, Canton and Hyde Park change cars for Boston, and many people were standing or moving in the roadway as the automobile approached. There was evidence upon which the jury could find that it was being driven at a rapid rate of speed, one witness stating that it was going eighteen or twenty miles an hour, and others that it ran seventy-five or eighty feet beyond the place of the accident although it could be stopped in its own length when going at the rate of ten miles. It does not appear that the automobile was "approaching a crossing of intersecting ways, or . . . traversing a crossing or intersection of ways," and the statutory provision making a rate of eight miles an hour *prima facie* evidence of negligence does not apply. But

it by no means follows that the driver had a license to travel at a speed of even eight miles an hour under the circumstances disclosed. Every person operating a motor vehicle on our ways must run it at a rate of speed that is "reasonable and proper, having regard to traffic and the use of the way and the safety of the public." And the jury would be warranted in finding that it was in fact negligent to run the automobile at this place and under the circumstances then existing, at a speed of eight miles or even less. The statute then in force, which was similar to the present one, did not relieve the driver of the automobile from exercising reasonable care to avoid injuring other travellers with equal rights on the public ways. Sts. 1906, c. 412, § 1; 1909, c. 534, § 16. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516. *Commonwealth* v. *Cassidy,* 209 Mass. 24. There was testimony that the signal horn was sounded, but it was not heard by a number of witnesses to the accident, and under the circumstances the jury could infer that it was not sounded loud enough or sufficiently near to the place of the accident to give timely warning. Nor is it contended that even the loud blowing of a horn would give to the motor vehicle any exclusive right of way, or relieve the driver from the duty of proceeding at a reasonable rate of speed and of keeping his car in control when approaching a busy thoroughfare. There was evidence for the jury of the defendant's negligence.

The due care of the deceased is a closer question. If he suddenly left the crowd of people and jumped in front of the approaching car as the defendant testified, or if he had safely crossed in sight of the machine and then suddenly ran back just in front of it, as the driver said, his conduct would be generally condemned as careless. But there were other versions of the conduct of the deceased which the jury apparently accepted and we cannot say as matter of law that they were not warranted in doing so. Taking the evidence most favorable to the plaintiff, and recognizing that the standard of care by which the conduct of his intestate must be measured is not that of an adult but of the ordinarily careful boy of twelve years, we are of opinion that the case comes within the general rule that when a minor lawfully walking in the highway is run over by a vehicle, the question of his due care, as well as that of the negligence of the driver, is usually one of fact

for the jury. *Hennessey* v. *Taylor,* 189 Mass. 583. *McDonald* v. *Bowditch,* 201 Mass. 339. *Rogers* v. *Phillips,* 206 Mass. 308.

In accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $2,000.

*So ordered.*