WALTER FRENCH *vs.* PHILIP C. MOOAR.

Middlesex.    January 10, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Negligence,* Contributory, In operating motor car.

In an action for personal injuries sustained after the passage of St. 1914, c. 553, by being run into by a motor car owned and driven by the defendant when the plaintiff was crossing a highway on foot, where the plaintiff has testified that before he started to cross the street he looked up the street in the direction from which the defendant's car came and saw nothing, the plaintiff is entitled to have the question whether he was in the exercise of due care submitted to the jury.

In an action for personal injuries sustained by being run into by a motor car owned and driven by the defendant, if the defendant testifies that he saw the plaintiff step off the sidewalk to cross the street ten or twelve feet ahead of the defendant's car and another witness for the defendant testifies that the distance was from twenty-five to thirty feet and there is evidence on which it can be found that the defendant, notwithstanding this knowledge of the situation and with the plaintiff in plain sight, neither gave any warning of the car's approach nor reduced its speed but kept on with such momentum that when the plaintiff was struck by the car he was carried on its front for about fifty feet before it came to a stop, the question of the defendant's negligence is for the jury.

TORT for personal injuries sustained on June 7, 1915, by being run into by a motor car owned and driven by the defendant on Prospect Street in Cambridge not far from its intersection with Gardner Street, when the plaintiff was crossing Prospect Street on foot.   Writ dated August 14, 1915.

In the Superior Court the case was tried before *Keating,* J.   The plaintiff testified that, before starting to cross Prospect Street to go to Summer Street, he stopped a few minutes on the corner of Gardner and Prospect streets; that " the automobiles were going quite fast there, lots of them going there that night; so I watched them go by each way and looked for an opening for a chance to

go across and a car (an electric car) came along (from his right). I let the car go, perhaps it got twenty-five or thirty feet ahead of me, and there was nothing coming behind it, so I looked up to Broadway (to his left) and did not see anything and I started, and when I was off the sidewalk to the tracks almost, something struck me and I was stunned." The evidence in regard to the defendant's negligence is described in the opinion. The defendant asked the judge, among other requests, to make the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On the evidence introduced by the plaintiff, he is not entitled to recover."

"4. The evidence introduced by the plaintiff does not prove that the defendant was negligent."

"9. On all the evidence the jury must find that the plaintiff was not in the exercise of due care."

"11. If the jury finds that the plaintiff did not look to his left before or while crossing Prospect Street, then the plaintiff was not in the exercise of due care, and the jury must find for the defendant."

The judge refused to make any of these rulings, and submitted the case to the jury with instructions to which no exceptions were taken. The jury found for the plaintiff in the sum of $1,497.36; and the defendant alleged exceptions.

*W. Powers,* for the defendant.

*H. W. Beal,* for the plaintiff, submitted a brief.

BRALEY, J. The question of the plaintiff's due care was submitted to the jury rightly. St. 1914, c. 553. *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401.

It appeared from the defendant's own testimony that he saw the plaintiff step off the sidewalk to cross over the street "ten or twelve feet ahead of the automobile," while another witness for the defendant placed the distance as "about twenty-five to thirty feet." The jury on all the evidence could find that notwithstanding this knowledge of the situation, and with the plaintiff in plain sight the defendant neither gave any warning of the car's approach nor slackened speed, but kept on under such momentum that when the plaintiff was struck he was carried on its front for about fifty feet before the car came to a stop. The question of the defendant's

negligence was plainly an issue of fact, and all of the requests, in so far as argued, were refused properly. *Hennessey* v. *Taylor*, 189 Mass. 583, and cases cited.

*Exceptions overruled.*