MYRA E. RICHARDSON, administratrix, *vs.* GUY C. RICHARDS, administrator & others.

Essex.   November 13, 1916. — March 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Will,* Fraud and undue influence.  *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Rulings and instructions, Exceptions: construction of bill of.

A person does not execute an instrument as and for his last will according to law unless he knows its contents, and the burden of showing such knowledge is upon the proponent of the will.

The presumption that a person signing an instrument in writing knows its contents applies to wills as well as to other documents.

Where issues were submitted to a jury in regard to the validity of a will and the first issue was as follows: "Was the instrument offered for probate as the last will of J executed in accordance with the provisions and requirements of law?" a third issue as follows: "Did J execute the instrument offered for probate with the understanding and purpose at the time of execution that said instrument should be his last will and testament?" was *held* to have been superfluous, the first issue being comprehensive enough to include the third and there being no special circumstances which made a separate issue appropriate as to whether the alleged testator knew in substance the contents of the instrument.

In the same case the second issue was as follows: "Was the instrument offered for probate as the last will of J procured to be executed by the fraud or undue influence of F practised and exerted upon said J?"  The contestants of the alleged will asked the judge to give to the jury "on the second issue" the following instruction: "On the second issue the court instructs the jury that, while generally a party is presumed to know the contents of an instrument which he signs, if there is evidence which in the opinion of the jury tends to show fraud or imposition practised by F upon J with a view to deceiving J as to the contents of the will, or leading him to believe that its contents were other than what he, J, supposed, then the burden of proof is upon the proponent to satisfy the jury by a fair preponderance of the evidence that J did in fact know the contents of the will and the nature of the provisions therein contained."  The judge refused to give this instruction.  *Held,* that the refusal was right, because the instruction had no application to the second issue in regard to which it was requested and there could be no propriety in giving an instruction restricted to the second issue which could have no bearing on that issue and related solely to the other issues.

In the same case the bill of exceptions contained a statement to the effect that the instruction requested as quoted above was not given "in form or substance" and that "except as above stated the jury were fully and adequately instructed."  *Held,* that this statement meant that the instruction requested was not given as to the second issue in form or substance and that upon the other issues accurate and sufficient instructions were given.

APPEALS of six different respondents from a decree of the Probate Court for the county of Essex made on January 11, 1915, allowing the will of Jonathan M. Richardson, late of the town of Essex, and appointing the petitioner the administratrix with the will annexed of his estate. The petitioner was the widow of Frank C. Richardson of Essex, who died testate on June 16, 1914. On January 11, 1915, the respondent Richards was appointed administrator with the will annexed of the estate of Frank C. Richardson, by whose will, dated November 28, 1902, all his property was left to his widow, the petitioner, who was nominated as the executrix. He and the petitioner had no children.

The alleged will of Jonathan M. Richardson was dated July 7, 1897, when Jonathan M. Richardson was about seventy-seven years old and a widower. It was in the handwriting of Frank C. Richardson, who was the only child of Jonathan M. Richardson, and was at that time and for many years before had been a member of the bar, and acted in the drawing of the will and in other matters both before and after as his father's attorney. The alleged will of Jonathan left all Jonathan's property to the petitioner, Myra E. Richardson, and nominated Frank C. Richardson as executor and exempted him from giving sureties on his official bond. On November 27, 1905, Frank C. Richardson filed in the Probate Court a petition, sworn to by him, alleging that his father died intestate, and praying to be appointed administrator of his father's estate. He filed at the same time a bond in the usual form in the sum of $15,000, signed by himself as principal and at his request by the respondents Cogswell and Knowlton as sureties. This petition was granted by the Probate Court, and Frank C. Richardson thereafter paid the debts of Jonathan and appropriated to his own use as sole heir and next of kin of Jonathan all of Jonathan's real and personal estate. Substantially all of the personal property of Jonathan had been spent by Frank before Frank's death. The respondents Cogswell and Knowlton signed the bond in the belief, induced by the representations of Frank, that Jonathan died intestate. The respondent Knowlton was also a creditor of Frank for money lent, as were the respondents Pierce, Story and the Beacon Trust Company.

The petitioner did not concede the right of the respondents Pierce, Story, Cogswell, Knowlton and the Beacon Trust Com-

pany to appeal from the decree of the Probate Court allowing the will of Jonathan M. Richardson or to have issues framed in the Supreme Court for trial by jury in the Superior Court; but no motion to dismiss any of the appeals was made in the Supreme Judicial Court or in the Superior Court, and it was agreed that the answers of the jury to the issues framed on the appeal of Richards should bind the other respondents, and that a single bill of exceptions might be filed on behalf of all the respondents.

It was an undisputed fact that, if the document offered by the petitioner for probate as the last will of Jonathan M. Richardson was a valid will, the estate of Frank C. Richardson would be insolvent.

On motion of the respondents issues were framed by *Braley*, J., and were sent to the Superior Court for trial by jury. Those issues were as follows:

"1. Was the instrument offered for probate as the last will of Jonathan M. Richardson executed in accordance with the provisions and requirements of law?

"2. Was the instrument offered for probate as the last will of Jonathan M. Richardson procured to be executed by the fraud or undue influence of Frank C. Richardson practised and exerted upon said Jonathan M. Richardson?

"3. Did Jonathan M. Richardson execute the instrument offered for probate with the understanding and purpose at the time of execution that said instrument should be his last will and testament?"

The issues were tried in the Superior Court before *Hall*, J.

The contentions of the respondents thereon, as stated by them and afterwards by the judge to the jury, were as follows:

"First, that this will was not duly executed for the reason that it was not lawfully attested by the subscribing witnesses or some of them. The other part of the contention of the contestants was in the alternative, namely: First, that Jonathan M. Richardson at the time this alleged will was executed believed its contents to be different from what they really were; that is to say, negatively, that he did not understand that he was disinheriting his son Frank, and leaving all his property to Myra, and affirmatively, that he did suppose that the will contained a legacy of some amount to Charles Littlefield, or that he labored under one of these two mis-

takes, and perhaps other mistakes as to the contents of the will; and the contestants contended that this mistake or mistakes on the part of Jonathan M. Richardson as to the contents of the will were brought about by the fraud or undue influence, or both, of Frank C. Richardson, who stood in such a relation of trust and confidence to Jonathan M. Richardson as to make it comparatively easy for him to deceive Jonathan in such a matter; and the contestants contended that this deception of Jonathan was perpetrated by Frank for certain motives, personal to Frank. . . . Or, on the other hand, the contestants contended that, if Jonathan did know the contents of this will, then it was Frank C. Richardson who induced him to make a will containing these particular provisions, and that Frank effected his purpose either by false representations to Jonathan of existing facts, or by suppression of facts which he knew and which Jonathan had a right to know from Frank, or by both methods; and that Frank stood in such a peculiar relation of trust and confidence to Jonathan as to make Frank's conduct in this matter, whether it consisted in affirmative deception, or in lack of candor in the statements of fact and in the advice which he gave to Jonathan, fraud and undue influence within the meaning of the law; and finally, the contestants contended that, if Jonathan intended that this will should take effect only on condition that at the time of Jonathan's death Frank should see fit to offer it for probate, then, however that intention on the part of Jonathan was brought about, the will was not a valid will."

There was evidence which, if believed, tended to establish the truth of these contentions, and there also was evidence which, if believed, would warrant the jury in finding the issues in favor of the petitioner.

The respondents asked the judge to make the following ruling: "On the second issue, the burden of going forward to offer evidence of fraud or undue influence is on the respondents, but on that issue, as well as on the others, the burden of proof still remains upon the proponent, Mrs. Richardson, and after evidence has been offered by the respondents of fraud or undue influence, she must satisfy the jury by a fair preponderance of the evidence that the will was not procured to be executed by the fraud or undue influence of Frank C. Richardson, practised and exerted upon Jonathan M. Richardson."

The judge refused to make this ruling.

At the close of all the evidence the respondents asked the judge to give also the following instruction to the jury:

"On the second issue the court instructs the jury that while generally a party is presumed to know the contents of an instrument which he signs, if there is evidence which in the opinion of the jury tends to show fraud or imposition practised by Frank C. Richardson upon Jonathan M. Richardson with a view to deceiving Jonathan as to the contents of the will, or leading him to believe that its contents were other than what he, Jonathan, supposed, then the burden of proof is upon the proponent, Mrs. Richardson, to satisfy the jury by a fair preponderance of the evidence that Jonathan M. Richardson did in fact know the contents of the will and the nature of the provisions therein contained."

The judge refused to give this instruction. The bill of exceptions stated that "except as above stated the jury were fully and adequately instructed by the court."

The jury answered all the issues in favor of the petitioner, answering "Yes" on the first and third issues and answering "No" on the second issue. The respondents alleged exceptions.

*W. G. Thompson,* (*G. E. Mears* with him,) for the respondents.

*J. P. Sweeney,* for the petitioner.

Rugg, C. J. These exceptions arise out of the trial of three issues respecting the allowance of the will of Jonathan M. Richardson. These issues were as follows: "1. Was the instrument offered for probate as the last will of Jonathan M. Richardson executed in accordance with the provisions and requirements of law? 2. Was the instrument offered for probate as the last will of Jonathan M. Richardson procured to be executed by the fraud or undue influence of Frank C. Richardson practised and exerted upon said Jonathan M. Richardson? 3. Did Jonathan M. Richardson execute the instrument offered for probate with the understanding and purpose at the time of execution that said instrument should be his last will and testament?" The only exception argued is to the refusal to grant this request for instructions: "On the second issue the court instructs the jury that, while generally a party is presumed to know the contents of an instrument which he signs, if there is evidence which in the opinion of the jury tends to show fraud or imposition practised by Frank C.

Richardson upon Jonathan M. Richardson with a view to deceiving Jonathan as to the contents of the will, or leading him to believe that its contents were other than what he, Jonathan, supposed, then the burden of proof is upon the proponent, Mrs. Richardson, to satisfy the jury by a fair preponderance of the evidence that Jonathan M. Richardson did in fact know the contents of the will and the nature of the provisions therein contained."

There was no error in the refusal of this request. It was restricted by its very terms to the second issue, which related only to the exercise of fraud or undue influence over the testator by his son. It is not reasonably susceptible of the construction that it applied or was intended to refer to the other issues. The request is not applicable to the second issue. The kind of fraud which was submitted to the determination of the jury by the second issue "is inducing a testator by false and fraudulent representations to execute an instrument as his will" when he knows what the instrument contains. The occasion to inquire whether that kind of fraud or undue influence has been practised does not arise until after it has been found that the instrument was executed by the testator as and for his last will with an understanding of what the instrument contains. The kind of fraud which is described in the instant request related to deceit as to the contents of the instrument, or to an imposition upon the testator designed to make him think that something was written in the instrument contrary to what in fact was written in it, or to a trick in slipping some words into, or erasing some words from, the will unknown to the testator and allowing or influencing him to execute the instrument in ignorance of the truth. That kind of fraud is presented to the determination of the jury by the first and third issues in the case at bar. All this was settled by *O'Connell* v. *Dow,* 182 Mass. 541, 554.

A person does not execute an instrument as and for his last will according to law unless he knows its contents. The burden of showing such knowledge rests upon the proponent of the will. That burden is usually sustained by the presumption that a person signing a written instrument knows its contents. *Androscoggin Bank* v. *Kimball,* 10 Cush. 373. *Secoulsky* v. *Oceanic Steam Navigation Co.* 223 Mass. 465. That presumption applies to wills as well as to other documents. *Lipphard* v. *Humphrey,* 209 U. S. 264.

There appears to have been no reason in the case at bar for submitting both the first and third issues to the jury. The first was comprehensive enough to include the third. Where no fair doubt exists as to the simple execution and attestation of the will, and the only contest relates to the point whether the testator knew in substance the contents of the instrument, then an issue directed to this single question would not be inappropriate. But the framing in the case at bar of the apparently unnecessary third issue gave no additional rights to the contestants. There would be no propriety in giving an instruction restricted to the second issue. which, if germane to the evidence presented and pertinent to the course of the trial, could have no bearing upon that issue and related solely to other issues.

The statement in the exceptions, to the effect that the ruling requested was not given "in form or substance" and "except as above stated the jury were fully and adequately instructed," as matter of construction means that the ruling requested was not given as to the "second issue" in form or substance, and that upon the other issues accurate and sufficient instructions were given.

*Exceptions overruled.*