JOHN M. QUINLAN *vs.* HUGH NAWN CONTRACTING COMPANY.

Suffolk.     January 15, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence*, Contributory, In use of highway.

At the close of the evidence at the trial of an action against the owner of a motor vehicle for personal injuries received when the plaintiff, as he was crossing a highway after St. 1914, c. 553, was enacted, was run into by the vehicle, the defendant asked for and the judge refused to give a ruling that, upon all the

evidence, the plaintiff was guilty of contributory negligence. There was evidence tending to prove that, previous to the accident, the plaintiff had been walking on a sidewalk, which, as he faced, was on the right hand side of the street upon which the accident occurred, and that the street, which was seventy-six feet wide, extended twelve hundred and thirty-one feet ahead of him without corner or angle, the nearest eight hundred and fifty-one feet being a roadway on a bridge over railroad tracks. It did not appear whether the highway was much frequented at that place or hour, or whether the bridge over the railroad track obstructed the plaintiff's view. There was further evidence tending to show that the plaintiff was accompanied by three companions and that, the companions having looked ahead and not seeing the defendant's vehicle approaching, all four started across the street nearly at right angles with the street but facing slightly in the direction from which the vehicle was approaching, and that, before they had reached the middle of the highway, the vehicle, which was travelling at the rate of forty miles an hour on the nearest of two street railway tracks, swerved toward the plaintiff and struck him. *Held,* that the ruling requested properly was refused.

At the same trial the defendant asked for and the judge refused to give a ruling that, "If, before the plaintiff started to cross the street, he looked and did not see the automobile, and if you find that the automobile must have been within his view, then, as a matter of law, he looked carelessly and if that contributed to his accident the plaintiff is not entitled to recover." *Held,* that, since it singled out and emphasized only a part of the salient features of the evidence, the ruling properly was refused.

Tort for personal injuries received on November 7, 1916, when the plaintiff was run into by a motor vehicle of the defendant operated by its employee on Summer Street Extension in Boston. Writ dated March 1, 1918.

In the Superior Court the action was tried before *Sisk,* J. The material evidence and exceptions by the defendant to refusals by the judge to give certain rulings are described in the opinion.

In the course of the charge to the jury, the judge instructed them as follows: "If you undertake to cross a street that is being used by vehicles passing and repassing, and you look and see in the distance at a substantial distance away from you, assuming it is in the night time, you see a light and you assume that it is a vehicle, but from its position and its apparent distance from you you felt that you could pass over that street in safety, then you might say in a case of this kind that even if they saw an automobile in the distance it was so far distant that they had a right to go out into the street, or might go out into the street and their conduct would be the conduct of a reasonably prudent man under the circumstances; that is to say, they had time to cross the street in safety.".

The foregoing portion of the charge being called to the attention of the judge by the defendant, who saved an exception thereto, the judge further instructed the jury as follows:

"I undertook, gentlemen, to state a hypothetical case to you about a man before he starts to cross a street looking in the distance and seeing an automobile and then concluding that he had ample time to cross the street, that you might be justified under those circumstances in finding such a person was in the exercise of due care. I did not intend in that statement that you should assume that I was speaking of this case. I entirely disassociated that from the present case because the testimony would not warrant me making that as a statement in this case. I was only trying to give you an illustration of the duties of a man who is undertaking to cross a street where vehicles were passing and repassing; and after all you might cite as many examples as you please. The standard is the conduct of a reasonably careful man under like circumstances. For instance, if one of you undertook at one o'clock today to go to State Street from here you would have to cross Washington Street. Now when you undertook to cross Washington Street the care that you would exercise in so doing would be an entirely different care from the care you would exercise if you were crossing a little street up here in one of our back towns, Saugus we will say, where rarely vehicles cross or pass. In other words, the circumstances of each case in a way determine the standard of care, because what might be careless in one case would not be in another. That is all I meant by that."

The jury found for the plaintiff in the sum of $8,500; and the defendant alleged exceptions.

*R. L. Mapplebeck,* for the defendant.

*W. Flaherty,* (*R. Clapp & L. F. Corcoran* with him,) for the plaintiff.

JENNEY, J. In the evening of November 7, 1916, at about nine o'clock, the plaintiff with three companions left his place of employment, and walked through an intersecting street to Summer Street Extension in Boston. Because of information that the draw in the bridge in that street over North Point Channel was obstructed by a street railway car which had fallen through the draw while open, it was decided to go along that street, in an easterly direction and by a more circuitous route, in order to

get home. It did not appear whether Summer Street Extension was much frequented at the place and hour of the accident hereinafter described. Where the accident happened the street was seventy-six feet wide between the curbings. From that point, it extended easterly twelve hundred and thirty-one feet without curve or angle, and there was no grade which obstructed the view for that distance. A bridge carried the roadway over railroad tracks for the last eight hundred and fifty-one feet of this distance; but it did not appear in the record whether the bridge interfered with the view.

There was evidence that the four walked eastward along the northerly sidewalk in the direction of South Boston. When they were nearly opposite A Street, they started to cross Summer Street Extension at almost a right angle, but "facing slightly in the direction of South Boston." While so crossing, the plaintiff, who with one companion was following the other two, was hit by the defendant's automobile. The plaintiff testified that he had no recollection of how the accident occurred except that he tried to save himself by hanging on to the automobile; and that he had no memory whether he saw it before the accident, or whether there was anything to obstruct his sight. His companions testified in substance that upon attempting to cross, they severally looked in the direction of South Boston, and saw no automobile; that they did not see it until it was about fifteen feet from them; that it was on the southerly street railway track, which was at the left of the centre of the travelled way as one comes from South Boston; and that the automobile was going at the rate of forty miles an hour. One testified that the automobile "swerved a little toward him and struck the plaintiff." The happening of the accident as described by the witnesses called by the defendant presented an entirely different picture.

The case is here, after a verdict for the plaintiff, on the defendant's exceptions to a portion of the charge and to the refusal of the presiding judge to give two rulings, all other exceptions having been waived. The exceptions do not raise any question as to the sufficiency of the evidence to warrant a finding of negligence of the operator of the automobile.

1. The first request asked for a ruling that, upon all the evidence,

the plaintiff was guilty of contributory negligence. This properly could not have been given. Under the circumstances set forth in this record, it could not have been ruled as matter of law that the plaintiff was negligent. The case in this aspect is within the reasoning of *Hennessey* v. *Taylor*, 189 Mass. 583, *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, *Creedon* v. *Galvin*, 226 Mass. 140, and *Emery* v. *Miller*, 231 Mass. 243. It could not be held as matter of law that the defendant had sustained the burden of proof as to the affirmative defence of contributory negligence. St. 1914, c. 553. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 379.

2. The only other refusal to rule, to which an exception is now urged, is: "If, before the plaintiff started to cross the street, he looked and did not see the automobile, and if you find that the automobile must have been within his view, then, as a matter of law, he looked carelessly and if that contributed to his accident the plaintiff is not entitled to recover." This request singled out and emphasized part only of the salient features of the case. It disregarded other facts which might have been found on the evidence and which related to the plaintiff's due care, in that, among other things, it omitted all reference to the conduct of the plaintiff's companions and assumed that the plaintiff did look for and did not see the automobile, when the record was silent as to such conduct on his part. It omitted all reference to the speed and course of the automobile. It postulated the plaintiff's care simply on what he did and what he saw "before . . . [he] started to cross the street." This request properly was refused. *Neafsey* v. *Szemeta*, *ante*, 160, and cases cited.

3. The remaining exception relates to a part of the charge to the jury. When this exception was taken, the judge further instructed the jury in substance that what he had said was by way of illustration and that it had not been intended to refer to the case on trial, because "the testimony would not warrant . . . [him in] making . . . [it] as a statement in this case."

The right of the judge to illustrate the application of a principle of law by stating it in its application to cases not like that under consideration is plain, and unless it positively appears that the power has been so used as to result in prejudice, its exercise is not reviewable. Here the rights of the defendant were fully

protected by clear explanation and limitation.  *Commonwealth* v.
*Johnson,* 199 Mass. 55, 63.  *Draper* v. *Cotting,* 231 Mass. 51.

*Exceptions overruled.*