ROSANNA BENGLE *vs.* JOHN M. COONEY.
OSWALD G. BENGLE *vs.* SAME.

Berkshire.    September 29, 1922.— October 16, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Motor vehicle, Contributory, Of child.

At the trial of an action for personal injuries received by a girl about six years and eleven months of age when she was run into by a motor vehicle operated by the defendant, there was evidence tending to show that the plaintiff was on the highway with her mother's permission in company with her younger brother, a companion of about her own age, and a boy thirteen years of age; that just previous to the accident she was going westerly on the northerly sidewalk of a public street approaching an intersecting street; that near the easterly side of the intersecting street and on the northerly side of the street where the plaintiff was there was a concrete mixer in such a position that she was hidden from the view of the defendant, who was approaching from the west on the street on which she was; that the defendant, driving at the rate of from four to six miles an hour, turned into the intersecting street; that the plaintiff then was on the cross walk, hidden from the defendant's view; that her older companion called to her, that she looked around and, seeing the motor vehicle, started to run and was struck by the front part of it, the forward wheels passing over her. There was a conflict of evidence as to whether the defendant as he approached the crossing gave any signal "with his bell, horn, or other device for signalling." *Held,* that

(1) Since it might have been found that, in violation of G. L. c. 90, § 14,

the defendant gave no signal of his approach at a crossing where his view was obstructed, the question of his negligence was for the jury;

(2) Even apart from G. L. c. 231, § 85, the question, whether the plaintiff was guilty of contributory negligence, was for the jury;

(3) The plaintiff might have been found to have been in the exercise of such care as was to be expected of a child of her years.

Two ACTIONS OF TORT, the first by a child for personal injuries received when she was run into by an automobile being operated by the defendant, and the second by the child's father for consequential damages. Writs dated November 17, 1920.

In the Superior Court, the actions were tried before *Wait*, J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered verdicts for the defendant; and the plaintiffs alleged exceptions.

*J. M. Rosenthal*, (*J. B. Cummings* with him,) for the plaintiffs.

*F. M. Myers*, for the defendant.

CARROLL, J. Rosanna Bengle, hereafter called the plaintiff, a child about six years and eleven months old at the time of the accident, was struck and injured by an automobile driven by the defendant. The plaintiff in the second case, her father, sues for consequential injuries.

The collision occurred at the corner of Brown and Tyler streets, Pittsfield, on September 3, 1920. The plaintiff, with Francis Barry (thirteen years of age) and two other children, was going in a westerly direction on the northerly sidewalk of Tyler Street. At the intersection of the two streets, on the northerly side of Tyler near the easterly side of Brown, and resting on the cross walk, there was a concrete mixer. The defendant, driving the automobile at the rate of four to six miles an hour in an easterly direction along Tyler Street, turned into Brown Street. Rosanna was on the cross walk a short distance west of the concrete mixer when the collision occurred. There was a conflict of evidence on the question whether the defendant gave any signal "with his bell, horn, or other device for signalling." The jury viewed the premises and at the close of the evidence the trial judge directed a verdict for the defendant in each case.

There was some evidence of the defendant's negligence and the case should have been submitted to the jury. The plaintiff was on a cross walk, where pedestrians might be expected. There was evidence that the defendant's view was obstructed and if he

turned into this intersecting street without giving a signal of his approach by blowing a horn or otherwise, the jury could say that he was negligent. There was positive evidence that the horn was blown, but this was disputed, and one witness who saw the automobile approaching and heard the engine, testified that she heard no blowing of any horn or whistle. The jury could have found that had the horn been blown the witnesses for the plaintiff would have heard it, and that the failure to give the signal contributed to the accident. *Howard* v. *New York, New Haven & Hartford Railroad,* 236 Mass. 370, 373. *Prendergast* v. *Boston Elevated Railway,* 232 Mass. 409, 411.

By St. 1917, c. 200 (see now G. L. c. 90, § 14), "Upon approaching a pedestrian who is upon the travelled part of any way and not upon a sidewalk, or where the operator's view is obstructed either upon approaching an intersecting way or a curve or corner in a way, every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signalling." Weighing all the evidence, the jury could have found that the defendant gave the signal required by law, and that he was in no respect negligent, but the question was for the jury to determine. Although the evidence shows that the defendant was driving at a slow rate of speed, if he turned into Brown Street and his view was obstructed by the concrete mixer so that he could not see the plaintiff walking in a westerly direction along Tyler Street, the jury could have decided that proper care under all the circumstances required that he should have so controlled and operated his automobile as to avoid the collision with the plaintiff. The question is one of fact. It could not be ruled as matter of law that the defendant was not negligent. See *Rasmussen* v. *Whipple,* 211 Mass. 546, 548.

As to the plaintiff's due care, there was evidence to show that she was on the highway with her mother's permission, in company with a companion of about her own age, her younger brother and Francis Barry. While on the cross walk Barry called to her and she looked around; seeing the automobile, she started to run and was struck by the front part of it, the forward wheels passing over her. Apart from the St. 1914, c. 553, the plaintiff's due care was a question of fact. In judging of her care the jury could have taken into account that no signal was given and therefore she was

not, as matter of law, careless in failing to have seen and avoided the approaching automobile.

There was some evidence tending to show that the plaintiff was attended by Francis Barry. Even if she was unattended by a person older than herself, it was still a question for the jury to determine whether she was guilty of any act of negligence which contributed to her injury. If the testimony of her witnesses were believed it could have been found that she was not careless, that she was in the exercise of such care as was to be expected of a child of her years. *Miller* v. *Flash Chemical Co.* 230 Mass. 419. *Prendergast* v. *Boston Elevated Railway, supra. Rasmussen* v. *Whipple, supra.*

As the cases should have been submitted to the jury and the plaintiff's exceptions must be sustained, we do not consider it necessary to pass upon the ruling of the trial judge excluding certain answers to interrogatories propounded to the defendant under Superior Court Rule 38 (1915).

*In each case exceptions are sustained.*