WHITE, Respondent, vs. KANE and another, Appellants.

*January 9—February 6, 1923.*

*Automobiles: Injury to traveler in street: Negligence: Contributory negligence: Questions for jury: Parties defendant: Insurer who assumes direct liability: Coverage under statute requiring indemnity bond.*

1. A policy of insurance issued to a motor vehicle carrier providing that the insurer would pay to the "assured" the amount of any final judgment for damages rendered against the "assured" for injury from operation of his vehicles, but further providing that the coverage was understood to extend in accordance with a city ordinance and the state statutes (both of which required direct liability), is not a contract of mere indemnity but one of direct liability to a person so injured.

2. Where the insurer was liable directly to one injured by the negligent operation of the vehicles of the assured, the insurer was properly made a party defendant with the assured in an action to recover for such an injury.

3. A finding that the negligence of the driver of a taxicab owned by the assured was the proximate cause of an injury to a pedestrian struck by it is *held* to be supported by the evidence.

4. The contributory negligence of the pedestrian is *held* to be a question for the jury, in view of his testimony that he looked 150 feet each way and did not see the taxicab approaching, and his right to assume that such a vehicle would be approaching at a reasonable rate of speed within the statutory limit, though it must have been within 200 to 300 feet of him when he started to cross the highway, and must have been seen if he had looked a little further or more attentively or extensively.

APPEAL from a judgment of the circuit court for La Crosse county: OSCAR M. FRITZ, Judge. *Affirmed.*

The plaintiff was injured in a collision with a taxicab owned and being operated for the defendant *Robert H. Kane,* doing business as the La Crosse Taxi Company. The defendant *Liability Company,* a Wisconsin corporation, was made defendant as the insurer of the defendant *Kane.*

The plaintiff, just before 6 a. m. of May 16, 1921, was proceeding south on a straight, level public road or causeway as it crossed about 2,000 feet of low land between the north and south portions of the city of La Crosse. There was a concrete sidewalk on the westerly and a pedestrian and bicycle path on the easterly side. Just east of the sidewalk ran the double tracks of the street car company ten feet from center to center. East from the tracks for about thirty-five feet the roadway was limestone macadam and used for vehicular traffic. At that time a ditch had been excavated about three feet wide for the laying of a gas main and extended several hundred feet south from the north end of the causeway and at the easterly edge of the roadway. Sand from such exavation had been thrown in a heap

parallel with said ditch and about a foot to the west of its edge. The plaintiff was proceeding along such one-foot strip on his way to the car barns from which he was to start as motorman. He became aware of the approach from the north of a motor-bus upon which he had, on previous occasions, ridden across the causeway. Such bus was proceeding at about six miles per hour and was close to the easterly rails of the car track. The plaintiff then stepped on and over the sand pile and proceeded toward the motor-bus slightly to the northwest. When he had crossed about twelve or fifteen feet into the causeway there was a collision between him and the right-hand fender of defendant's taxicab coming from the south. As a result his body was carried and thrown some distance to the north and to the rear of the motor-bus and the taxicab proceeded with set brakes some distance beyond to the north before coming to a stop.

The defendant *Liability Company* had, prior to the accident, executed to the defendant its policy by which, among other things, it was agreed "that it will pay to the assured the amount of any final judgment for damages, including costs, disbursements, and interest, or any part thereof, not exceeding the limits herein stated, rendered against the assured after trial of the issue, by reason of the liability imposed by law upon the assured, due to the ownership, maintenance, or use of any automobile described in the schedule of statements, provided the judgment was founded upon claims made against the assured on account of . . . bodily injuries . . . accidentally suffered or alleged to have been suffered by any person or persons as a result of the accident occurring while this policy is in force." And a further provision that, in addition to the above, the defendant company agreed "to investigate all accidents covered by this policy and to defend in the name and on behalf of the

assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages suffered or alleged to have been suffered," etc. There was added as a special condition of said contract the following:

"It is further understood and agreed that the coverage under this form shall be extended and made to cover in accordance with Ordinance No. 647 of the city of La Crosse, Wisconsin, and with the statutes of the state of Wisconsin."

Such ordinance No. 647 so referred to, being entitled "An ordinance regulating the business of conveying persons for hire, and requiring a license and bond therefor," provided, among other things, that a person such as defendant *Kane,* engaged in the carrying of passengers in a motor-driven vehicle, was required, in lieu of giving a bond to the city of La Crosse conditioned for the payment of loss and damage, to deposit a liability and personal property damage insurance policy conditioned, among other things, as follows, to wit: "That the insurer will pay to any person injured any sum to which such person is entitled resulting from the operation of said business, not to exceed $5,000."

The statute in force at this time regulating the operation of such vehicles provided by sec. 1797—63 that the indemnity bond to be furnished by persons engaged as was the defendant "shall provide that the company issuing the same shall be directly liable for and shall pay all damages, not exceeding $2,500 to any one person, or $5,000 for any one accident that may be recovered against the operator of the vehicle described therein by reason of the negligent use and operation of such vehicle."

The defendant *Liability Company* demurred to the complaint upon the grounds:

(a) That several causes of action have been improperly united.

(b) That there is a misjoinder of parties defendant.

(c) That it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action against the defendant.

Upon motion such demurrer was overruled and the defendant had leave to answer.

It then answered admitting its authority to issue and the execution of the policy contract above described and the filing of the same with the city clerk of the city of La Crosse, and further alleged that it was not a necessary party defendant and that the issues growing out of the matters set forth in the complaint did not involve such defendant by virtue of said policy contract, and prayed that the issues between the plaintiff and defendant *Kane* be first tried and determined and thereupon the liability of the defendant company be determined.

A separate answer was interposed by the defendant *Kane* by the same attorney appearing for the defendant *Liability Company.*

Upon a special verdict being submitted the jury found as follows:

(1) Defendant's employee was guilty of negligence in operating the taxicab as it approached and came into collision with the plaintiff.

(2) Such negligence was the proximate cause of plaintiff's injury.

(3) There was no failure on plaintiff's part to exercise ordinary care in keeping a proper lookout for vehicles coming from the south as he approached the point of collision.

The fourth question not answered.

(5) There was no want of ordinary care on plaintiff's part proximately contributing to produce his injury.

(6) Assessed plaintiff's damages at $4,700.

After respective motions by the parties and upon direction of the court judgment was entered against the defendants. From such judgment this appeal is taken.

For the appellants there was a brief by *Frank E. Withrow*. and *Cowie & Hale,* all of La Crosse, and oral argument by *Mr. Withrow* and *Mr. Quincy H. Hale.*

For the respondent there was a brief by *Geo. H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon.*

Eschweiler, J.    The defendant *Liability Company* contends that the questions raised by its demurrer are not, as it was held in the court below, disposed of against it by the ruling of this court in *Ehlers v. Automobile Liability Co.* (this same defendant), 166 Wis. 185, 164 N. W. 845.    It urges that the policy sued upon here is unlike the one in that case, inasmuch as in this one, by the clause quoted first in the foregoing statement, it only undertakes that "it will pay to *assured* the amount of *any final judgment for damages* . . . rendered *against the assured after trial* of the issue," etc.; while by the policy in the *Ehlers Case, supra,* it agreed "that it will be *directly liable* for and will pay all damages, etc."    Were this clause from the policy alone to be the determining factor, it might well be held an indemnity rather than a liability contract and within the decision of *Glatz v. General Acc., F. & L. Assur. Corp.* 175 Wis. 42, 183 N. W. 683.    The defendant, however, by a special and added condition agreed that the coverage shall be that which would be in accord with the specifically designated city ordinance and the state statutes.    This last clause amounts to an assumption by the defendant company of the direct liability provided for by both the ordinance and statute.    Having expressly so recognized the ordinance and made it a part of its contract to that extent at least, and having expressly agreed to comply with the statute requiring that bonds issued for this purpose should assume direct liability, it cannot now be heard to question its direct liability.

Its liability being thus direct, it was properly made a party defendant as expressly held in the *Ehlers Case, supra*. The conclusion here reached is identical with that of the policy declared in Massachusetts by statute even as against the language in the policy to the contrary. *Lorando v. Gethro*, 228 Mass. 181, 117 N. E. 185.

Upon the appeal by the defendant *Kane*, the owner of the taxicab then being driven by his servant, the finding of the jury that the negligence of the driver was a proximate cause of plaintiff's injury is clearly supported by the evidence. The driver was, according to his own testimony, driving from twenty-five to thirty miles an hour until within a few feet of the point of collision. The driver of the bus, who was facing the approaching taxi and saw it for a long distance down the causeway, estimated the speed at about forty miles an hour. The distance plaintiff was carried and thrown after the collision and the space the taxicab covered after colliding with the plaintiff and under set brakes all amply support the finding in effect of a speed in substantial excess of the lawful rate.

It is contended that plaintiff's conduct requires a finding of such contributory negligence as a matter of law that must defeat his right to recover. On a level, straight, long stretch of highway he was going south, and the taxi coming north was within his possible range of vision for many hundreds of feet. He testified that, before turning from the path between the sand pile and the ditch towards the west to meet the motor-bus overtaking him from the north, he looked both to the north and south, estimating the range of his vision to be 150 feet each way, and saw no approaching vehicle from either direction other than the motor-bus. From such point he had proceeded not more than fifteen feet before the collision and had not looked again to the south. While there is no escape from the conclusion that had he looked a little further south than he says he did, or

more attentively or extensively than he probably did, he must have seen the approaching automobile within the distance of two or three hundred feet of the point of collision, where it must have been at the time he started to cross, nevertheless, as a pedestrian lawfully upon the highway he had the right to act upon the assumption that such a vehicle upon the highway, having no greater right to the use thereof than he had, would be acting in compliance with the law and approaching at a reasonable rate of speed and within the statutory limits.   Under the facts as thus presented we think it was a question for the jury to determine whether or not the plaintiff then acted with ordinary care and that their finding in the affirmative in that regard cannot be disturbed. *Klokow v. Harbaugh,* 166 Wis. 262, 164 N. W. 999.  And see the case, quite close in its facts to the case at bar, of *Creedon v. Galvin,* 226 Mass. 140, 115 N. E. 307; also the following: *Hennessey v. Taylor,* 189 Mass. 583, 76 N. E. 224; *Donovan v. Bernhard,* 208 Mass. 181, 94 N. E. 276; *Quinlan v. Hugh Nawn C. Co.* 235 Mass. 190, 126 N. E. 369; *French v. Mooar,* 226 Mass. 173, 115 N. E. 235; *Seabut v. Ward B. Co.* 231 Mass. 339, 121 N. E. 23; *Burns v. Oliver Whyte Co.* 231 Mass. 519, 121 N. E. 401; *Knapp v. Barrett,* 216 N. Y. 226, 110 N. E. 428; *Harker v. Gruhl,* 62 Ind. App. 177, 111 N. E. 457.

It follows, therefore, that the judgment must be affirmed.
*By the Court.*—Judgment affirmed.