DANNIS DIRENSKI, administrator, *vs.* EASTERN MASSA-
CHUSETTS STREET RAILWAY COMPANY.

Middlesex.   January 11, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Due care of child, Motor vehicle, In use of highway. *Child. Practice, Civil,* Judge's charge, Exceptions.

At the trial of an action against the owner of a motor vehicle for personal injuries received by, and the causing of the death of, a boy about five and one half years of age through negligence of an employee of the defendant, there was evidence tending to show that, having been on an errand at a store in a city, the child crossed a platform ten feet wide in front of the store, a sidewalk of about the same width, passed between two motor vehicles then parked at the curb in the highway and started to run diagonally across the highway when he was struck by the defendant's motor vehicle, approaching from his left at the rate of twenty miles an hour; that, when the boy started to run, the defendant's motor vehicle was at the rear of the parked motor vehicle at the boy's left and the driver also turned to his left, crossed the street diagonally and struck the boy on the farther of parallel street railway tracks in the middle of the street. It also appeared that at the boy's left another street entered that on which the accident happened at a corner where the view was obstructed and from the side of the street opposite the store; that on the same side of the street as the store and just beyond it, was a fire engine house; that, farther still in the direction from which the defendant's motor vehicle approached, there were two school houses, and that the locality was thickly settled. *Held,* that

(1) It could have been found that the boy was capable of going on the street unattended;

(2) There was evidence from which findings of due care on the part of the boy and of negligence on the part of the driver of the defendant's motor vehicle were warranted.

At the trial of the action above described the judge instructed the jury in effect that the plaintiff's intestate must be judged as one to whom proper instructions were given regarding his care while on the street: "He must be presumed to have had that instruction, and if you say the reason why he did not do what he ought to have done was because his parents did not tell him what they ought to have done, it was negligence none the less. . . . He . . . must be presumed to have had such instructions as a child of that sort needed." The defendant excepted to that instruction. The jury found for the plaintiff. *Held,* that

(1) The instruction was error;

(2) The defendant was not harmed by the error.

TORT by the administrator of the estate of Dannis Direnski for the causing through negligence of conscious suffering and the

death of the plaintiff's intestate. Writ dated September 14, 1921.

In the Superior Court, the action was tried before *Lawton,* J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*J. C. Reilly,* for the defendant.

*F. B. Hawley,* (*A. E. Yont* with him,) for the plaintiff.

CARROLL, J. The plaintiff's intestate, Dannis Direnski (here-inafter called the plaintiff), was struck by an automobile owned by the defendant and driven by one of its servants, as the plaintiff was crossing Branch Street, a public highway in the city of Lowell. Branch Street runs east and west, and in the centre there is a double set of car tracks, the nearest rail on each side being ten feet from the curbing. On the day in question the plaintiff had crossed Branch Street from his home. He entered the store of one Laroch; when returning, he was run over and received in-juries from which he died a few hours later. Fifty or sixty feet easterly from the Laroch store, on the same side of the street, there is an engine house. Between the store and the engine house, Smith Street enters Branch Street on the southerly side. The bill of exceptions states, "the corner formed by the two stores offer-ing an obstructed view to any one travelling on Branch Street." The defendant's truck was moving westerly. In front of Laroch's store, on the same side of Branch Street, two automobiles were standing, both facing westerly and about ten feet apart. The rear automobile was a Ford delivery truck with its top and side curtains rolled up. The sidewalk in front of the store was ten feet wide, and from the sidewalk to the store there was a plat-form of about the same width. The accident happened on March 11, 1921. The plaintiff was five years, four months and twenty-two days old.

The evidence was conflicting, but the jury could have found that the defendant's automobile, as it passed the engine house, was moving at the rate of twenty miles an hour and continued at this speed until the plaintiff was struck; that the defendant's driver could have seen the plaintiff as he crossed the platform and sidewalk; that the plaintiff passed in front of the Ford de-livery truck and when about half way between the curbing and

the track, and in front of the truck, he started to run in a diagonal direction toward the southerly side of the street; that when he started to run, the defendant's automobile was at the rear end of the truck, that after passing it the driver started to cross the street diagonally and struck the boy when on the southerly track, or "down rail." The automobile then swung to the right and stopped within thirty-five feet. The locality is thickly settled and just before reaching the scene of the accident the automobile passed two school houses on either side of Branch Street. The accident happened at about four o'clock in the afternoon, and there were then a number of school children on the sidewalk. The jury viewed the premises. The defendant's motion that a verdict be directed in its favor was denied, and the jury found for the plaintiff.

There was evidence on which the jury could find that the plaintiff was in the exercise of due care. It could have been found that he was capable of going upon the street unattended; *Lynch* v. *Smith*, 104 Mass. 52, 54, *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, *Dowd* v. *Tighe*, 209 Mass. 464; and that he was at the time in the exercise of due care. There was evidence that he walked across the platform, sidewalk and part of the street in the direction of his home, and "commenced to run when about" one half way between the curbing and the track, when the defendant's automobile was near the Ford delivery truck. It was but a short distance from an intersecting street, where the statute required that the operator should not exceed a speed of eight miles an hour. G. L. c. 90, § 17. At the corner of Branch and Smith streets the operator's view was obstructed and the statute, G. L. c. 90, § 14, provides that when approaching a pedestrian who is upon the travelled part of the way and not upon the sidewalk, the operator must slow down and give a timely signal with his bell, horn or other device for signalling. The plaintiff's intestate had the right to assume that the defendant would slow down when it was apparent that he was crossing the street, and that the operator would not pass Smith Street at a rate of speed in excess of eight miles an hour. *Donovan* v. *Bernhard*, 208 Mass. 181. *Foster* v. *Curtis*, 213 Mass. 79, 85. *Emery* v. *Miller*, 231 Mass. 243. *Kaminski* v. *Fournier*, 235 Mass. 51. *Bengle* v. *Cooney*, 243 Mass. 10. *Creedon* v. *Galvin*, 226 Mass. 140. The plaintiff

may have reasonably thought that he could cross the street in safety, and when he saw the defendant's automobile approaching at the rate of twenty miles an hour, he began to run in order to avoid it. The jury could have found that the plaintiff had no reason to expect that the defendant's operator would turn to the left and proceed diagonally to the middle of the southerly track. Considering all the evidence, the question of the plaintiff's care was for the jury to decide. *Rasmussen* v. *Whipple,* 211 Mass. 546. See *Ayers* v. *Ratshesky,* 213 Mass. 589; *Miller* v. *Flash Chemical Co.* 230 Mass. 419.

The issue of the defendant's negligence was rightly submitted to the jury. They could have found that the speed of the automobile was greater than was reasonable or proper at the time and place; that the defendant proceeded at the rate of twenty miles an hour; and in turning to the left and going in a diagonal direction without reducing speed the operator was negligent; and he could have avoided the injury. G. L. c. 90, §§ 14, 17. *Ayers* v. *Ratshesky, supra. Rasmussen* v. *Whipple, supra. Miller* v. *Flash Chemical Co. supra. Creedon* v. *Galvin, supra. French* v. *Mooar,* 226 Mass. 173. *Bengle* v. *Cooney, supra.*

The judge instructed the jury in effect that the plaintiff's intestate must be judged as one to whom proper instructions were given regarding his care while on the street. "He must be presumed to have had that instruction, and if you say the reason why he did not do what he ought to have done was because his parents did not tell him what they [he?] ought to have done, it was negligence none the less. . . . He . . . must be presumed to have had such instructions as a child of that sort needed." The defendant excepted to this portion of the judge's charge, and claims it was prejudiced by the error. In our opinion this part of the charge was erroneous. There is no presumption in a case of this kind that instructions were given or were not given to a child of tender years. It was incorrect so to instruct the jury. The question before them on this branch of the case was whether the plaintiff exercised the degree of care to be expected from a child of his years. The question of his being properly instructed as to what care he should use on the highway was of no importance, and no presumption existed on this question. The defendant, however, was not harmed by the remarks of the judge that the

degree of care required by the plaintiff, according to the instructions to the jury, was that of one who had been fully informed and properly instructed how to act when crossing a highway. This might be a higher degree of care than that required of a boy of the plaintiff's age. The defendant was not prejudiced by this part of the judge's charge. This exception, therefore, must be overruled.

The other exceptions of the defendant are not argued and we treat them as waived.

*Exceptions overruled.*