HAROLD H. HUFFAM, administrator, *vs.* FRANK PAQUIN.

Suffolk.    January 13, 1927. — April 6, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Contributory, Of child, Motor vehicle, In use of way.

At the trial of an action under G. L. c. 229, § 5, by an administrator against the owner of a motor truck for causing the death of the plaintiff's intestate, there was evidence that the intestate was run into on a street in Boston where there were double street car tracks; that she was a bright, intelligent girl, seven years of age, who had been accustomed

to going upon the streets, had attended kindergarten and primary schools for four years, and had been in the habit of running errands for her mother for three years; that on the occasion in question she was on an errand for her mother that required her to cross the street; that she stopped at the corner of an intersecting way, looked up and down the street and then started around the rear of an inbound electric car and before she had gone five feet beyond the inbound track was struck by the truck, operated by an employee of the defendant in the scope of his employment on the outbound track at a speed which could have been found to be from twelve to fifteen miles an hour; and that no horn was sounded or other signal given of the truck's approach. The jury viewed the scene of the accident. There was no contention that the parents of the intestate were negligent in permitting her to go unattended upon the street. The judge ordered a verdict for the defendant. *Held*, that

   (1) There was evidence that the girl was not lacking in due care;

   (2) There was evidence that the driver of the truck was negligent;

   (3) The verdict for the defendant should not have been ordered.

TORT under G. L. c. 229, § 5, by the administrator of the estate of Marjorie W. Huffam for causing the death of the plaintiff's intestate. Writ dated June 7, 1922.

In the Superior Court, the action was tried before *Keating*, J. Material evidence is stated in the opinion.

At the close of the evidence, the judge allowed a motion by the defendant that a verdict be ordered in his favor, and reported the action to this court for determination, the parties agreeing that, if the ordering of the verdict was right, judgment should be entered on the verdict; otherwise judgment was to be entered for the plaintiff in the sum of $1,000.

*A. E. Lewis*, (*W. E. Corkum* with him,) for the plaintiff.

*G. W. Reed*, for the defendant.

CROSBY, J. This is an action to recover damages for the death of the plaintiff's intestate, a girl seven years and seven months old, who was run over and killed by a motor truck owned by the defendant and operated by his agent in the conduct of the defendant's business. The truck was about fifteen feet long and seven and one half feet wide. It weighed about three tons, and, at the time of the accident, was loaded with nine cows. The accident occurred on Centre Street, in Boston, a public highway extending in a northerly and southerly direction, at a point nearly opposite Starr Lane, which runs into Centre Street on its easterly side but does not cross it. Centre Street is about fifty feet wide

at this place, and located upon it are the tracks of a street railway.

There was evidence from which it could have been found that the deceased was a bright, intelligent girl who had been accustomed to going upon the streets; that she had attended a kindergarten and a primary school over a period of four years, and for three years had been in the habit of doing errands for her mother; that on the day of the accident, after returning from school, she was sent by her mother to make a purchase at a store on the westerly side of Centre Street about opposite Starr Lane; that she came down Starr Lane "not [on] a run, more of a fast walk"; that she stopped at the corner of the lane and street a moment or two and looked up and down Centre Street; that she then started around the rear of an inbound electric car and was struck by the truck on the outbound track travelling at a speed which could have been found to be from twelve to fifteen miles an hour; and that no horn was sounded or other signal given of its approach. Upon this evidence it could have been found that the deceased was in the exercise of the degree of care which reasonably would be expected of a girl of her age. No question is made that her parents were negligent in permitting her to go unattended upon the street. The electric car behind which she passed to some extent obstructed her view of the westerly side of the street. The jury viewed the place and upon all the evidence would have been warranted in finding that she was not lacking in due care. G. L. c. 231, § 85. *Beale* v. *Old Colony Street Railway,* 196 Mass. 119. *Rasmussen* v. *Whipple,* 211 Mass. 546. *Tripp* v. *Taft,* 219 Mass. 81. *Prendergast* v. *Boston Elevated Railway,* 232 Mass. 409. *Bengle* v. *Cooney,* 243 Mass. 10. *Pawloski* v. *Hess,* 253 Mass. 478.

The evidence that the truck was driven along the outbound track within five feet of the inbound track at a speed of from twelve to fifteen miles an hour, without giving any warning or signal of its approach, was enough, together with other circumstances, to establish a finding of negligence of the driver. Its speed, and the failure of the driver to sound its horn, could have been found to be a violation of G. L.

c. 90, §§ 14, 17.   *Rasmussen* v. *Whipple, supra.   Tripp* v. *Taft, supra.   Bengle* v. *Cooney, supra.   Pawloski* v. *Hess, supra.*

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $1,000.

*So ordered.*