# IN RE ESTATE OF OLAF NELSON EKLUND.
## OSCAR W. AND AUGUST NELSON, APPELLANTS.[1]

May 6, 1932.

No. 28,920.

[1]Reported in 242 N. W. 467.

*L. W. Crawhall,* for appellants.

*J. M. Freeman,* for respondent.

DIBELL, J.

The district court on a trial de novo upon an appeal from the probate court found the will of Olaf Nelson Eklund valid and directed its admission to probate. Oscar W. Nelson and August Nelson, two of the sons of the decedent, appeal from the judgment. The respondent, Gust Nelson, is a son and the principal beneficiary.

The testator was Swedish and of foreign birth. He came to Renville county in 1895 from Iron Mountain, Michigan. From 1920 his son lived with him on the farm. The decedent died in 1930 at the age of 82. His will was made in 1926, when he was 78 years of age. He had but slight knowledge of English. He was afflicted with old age deafness and for a number of years had been feeble and infirm.

The appellants make three contentions:

(1) That the testator because of his lack of knowledge of English did not know the contents of the will and was not sufficiently informed.

(2) That because of deafness he did not know its contents.

(3) That he was induced to make it through the undue influence of the respondent, his son.

■ The testator must know the contents of the will which he executes. Rollwagen v. Rollwagen, 63 N. Y. 504; Will of Walter, 64 Wis. 487, 25 N. W. 538, 54 Am. R. 640; Richardson v. Richards, 226 Mass. 240, 115 N. E. 307; Benrud v. Anderson, 144 Minn. 111, 174 N. W. 617; In re Will of Gluckman, 87 N. J. Eq. 638, 101 A. 295, notes L. R. A. 1918D, 747; 6 Dunnell, Minn. Dig. (2 ed.) § 10206b; Id. (2 ed. & Supp.) § 10245c.

■ The testator was of Swedish birth and conversed little in English. He read Swedish papers and books. He read or understood English hardly at all. At the time of his death he had lived

on his farm in Renville county for 35 years. His contact was mostly with Swedish people. There was testimony that he could make use of English to some extent. He apparently did business at the bank in Bird Island. An officer of the bank drew and witnessed the will. It was a simple one. The banker, who was nominated executor in it, testified that he read it to him. The evidence is meager. The testimony of the witness is not altogether satisfactory in that it does not wholly convince that the explanation of the contents of the will was complete. Often much more care is taken in seeing that the contents of the will are known to the testator than is shown here. The banker who wrote it was directly or indirectly interested in having the estate pass to Gust. But on the whole the evidence sustains the finding of the trial court that the decedent knew its contents. See Benrud v. Anderson, 144 Minn. 111, 174 N. W. 617; Wombacher v. Barthelme, 194 Ill. 425, 62 N. E. 800; Will of Arneson, 128 Wis. 112, 107 N. W. 21.

■ The decedent was deaf. This did not prevent his making a will. It only added a difficulty to its execution. 1 Page, Wills (2 ed.) § 164; Rood, Wills (2 ed.) § 114; 1 Woerner, Am. Law Adm. (3 ed.) § 35. And see citations paragraph one.

■ The finding against the claim of undue influence is sustained. The suggestion is that Gust got the banker at Bird Island who was named executor in the will to go to the farm and draw the will and that it was not the product of the testator.

After the death of the mother, at which time the deceased was 72 years old, it was understood that Gust and his wife would go on the farm and care for the decedent. They did so. The precise arrangement between Gust and his father is not shown or how it was carried out. They lived together ten years. The old gentleman was sorely afflicted with neuralgia or rheumatism or kindred trouble. He received such attention as could be given by his son and his son's wife.

There was a $1,000 mortgage upon the farm which does not seem to have been paid, and a ditch lien of an amount not stated. One gathers that the farm which had been rented was not in good con-

dition at the time Gust took possession. He was not a farmer. He worked along and kept the farm going. It is not shown how they accounted. The will gave Gust the farm. He was required to pay each of four children living $300, and the children of two deceased children $300 by way of representation. There was nothing unnatural about the will—nothing in its terms to excite suspicion. The case falls short of requiring a finding of undue influence. With only the facts now before us it would be difficult to sustain such a finding.

Judgment affirmed.

